## Martha L. Curtis

### v.

## Polly Harrison and William H. Harrison.

*Contracts—Conditional Delivery—Evidence—Pleading—Instructions.*

1. In an action for breach of contract it is competent under the general issue to show by parol evidence that the contract was delivered conditionally.

2. In such action defendant may, after having gone to trial on a plea of the general issue, file a sworn plea denying delivery of the contract.

3. In an action for breach of a contract to purchase a monument, this court holds that the contract was incomplete on its face, and should not have been admitted in evidence.

4. An instruction which invites the attention of the jury to matter not really in the case is improper.

[Opinion filed May 28, 1890.]

Appeal from the Circuit Court of Winnebago County; the Hon. James H. Cartwright, Judge, presiding.

Messrs. Charles A. Works and Henry V. Freeman, for appellant.

The court erred in refusing to permit the introduction of evidence for appellant, showing that the alleged contract in question was never actually completed or delivered.

The evidence in question showed a good defense to the action, and was admissible by parol proof.

The facts show and constitute a merely conditional delivery, and as the conditions were never fulfilled, the contract in question was never finally delivered, and did not become a binding contract. Jordan v. Davis, 108 Ill. 336.

In this case the court say: " The delivery of a written contract is indispensable to its binding effect, and such delivery is not conclusively proved by showing the placing of the paper by the alleged contracting party in the hands of the other. Delivery is a question of intent, and it depends on whether

the parties at the time meant it to be a delivery to take effect presently."

The court further says in the same case: " The verbal agreement for the lease was not offered in contradiction of the terms of the lease, but to disprove delivery. The ques-tion of delivery is something aside from the writing in an instrument. It depends upon proof by parol, and the evi-dence of delivery arising from possession of the deed by the grantee may be rebutted by the same kind of evidence by parol.

The court also quotes approvingly the following language from 3 Washburn on Real Property, 292–3, as follows:

" It is an essential prerequisite that the instrument in ques-tion should be understood by the parties to be completed and all ready for delivery, in order to have a mere placing it in the hands or possession of the grantee or his agent construed into a delivery. * * * While, therefore, it is not com-petent to control a deed by parol evidence when it has once taken effect by delivery, it is always competent, by such evi-dence, to show that the deed, though in the grantee's hands, has never been delivered."

And Bishop on Contracts, Sec. 357, says that " A parol condition that its operation shall commence only on the trans-piring of a future event, will be good."

Messrs. FROST & McEVOY, for appellees.

The testimony involved the execution of this contract, and, by their pleadings they had raised no question as to the execu-tion. Counsel for appellant are too good lawyers not to know that if they proposed to question the execution of this con-tract, not the mere signing of it, they must verify their plea by an affidavit—and it serves to demonstrate the fact that the attempted testimony was clearly an afterthought, that they had not attempted by their pleadings to question its execution until after appellee's case had been closed.

The execution of a contract involves its delivery as well as signing, and when they questioned its delivery they questioned its execution, and under the statute they must do so by verified plea. 2 Starr & Curtis Stat., 1798, Sec. 34.

Execution of a contract involves its delivery as well as its signing. Hepp, etc., v. Huefner, etc., 61 Wis. 148–151; Tiernan et al. v. Fenimore, 17 Ohio, 545–552; Boyle v. McNickle, 9 Cal. 430; Little v. Dodge, 32 Ark. 453; Ricketts v. Harvey, 78 Ind. 152.

C. B. SMITH, J. This suit was brought by appellees against appellant to recover damages for a breach of a contract to erect a tombstone. Appellant was the widow of Rev. W. S. Curtis, deceased, and desired to procure an appropriate monument to be erected over his grave. Appellee, Wm. H. Harrison, called on appellant at her home in Rockford where he was an entire stranger and introduced himself and his business under circumstances and by methods which, to say the least, were unusual and peculiar.

In the view we take of this case it will not be necessary to go much into the facts detailed in the record, and inasmuch as the case must be remanded for another trial upon its merits, we shall forbear any discussion or reference to that branch of the case beyond what may be necessary to properly dispose of the questions raised on the record.

The record discloses that Mrs. Curtis was an old lady, and that since the death of her husband the question of procuring a suitable and somewhat expensive monument for her husband's grave had been a subject of discussion between herself, her children and son-in-law. Some negotiations had been had with one Adamay, an agent of some other concern. William H. Harrison, one of appellees, learned of appellant's desire to purchase a monument, and went to Rockford to see her, and after exhibiting to her his samples of granite and marble and various designs, he finally procured her signature to a contract for a monument to cost $500.

The blank contract was filled out in pencil and referred to a certain design for the monument by a number "784." The following is a copy of the contract:

"$500.                                        ROCKFORD, May 11, 1886.

"I have this day bought of J. E. Harrison & Son, Adrian, Michigan, a granite monument, design No. 784, now in their

possession.   Material of said monument Concord granite.

"Ground base to be 5.0 x 3.2.

"Die to be polished *front and back and margined.*

"And inscribed as follows:

"Family name, *Curtis.*

"Total height, *5 feet.*

"Remainder of monument to be built in proportion to design.

"Said monument to be delivered and erected in a proper and workmanlike manner at *E. Side Cemetery, Rockford,* township of *Rockford,* county of *Winnebago,* State of *Ill.,* on or before *Oct. 1,* 1886, or within a reasonable time thereafter; for which *I* agree to pay J. E. Harrison & Son or order *five hundred* dollars at date of delivery.

"Foundation to be built by purchaser.   All notes to be taken on company blanks bearing legal interest.

"The within contract to be subject to the approval of J. E. Harrison & Son.   Any agreement not included in this contract shall not be binding on J. E. Harrison & Son.

"MRS. WM. S. CURTIS.

"J. E. HARRISON & SON, per   *W. H. Harrison,*
Soliciting agent.

"Postoffice address:                   Nearest shipping point.
*602 Seminary St.*

"Note: The italics in the above, represent pencil marks in the original."

After the above contract was made and delivered to Wm. H. Harrison, and on the next day, Mrs. Curtis became satisfied that she had been swindled and that a fraud had been perpetrated on her, and she accordingly wrote Wm. H. Harrison, informing him that he need not erect the monument, and so far as it was in her power to do, canceled her contract and refused to allow Harrison to erect the monument.   This suit was afterward brought to recover for that breach of the contract, and upon a trial had before the court and a jury, the plaintiff recovered a verdict for $200, upon which the court, after overruling a motion for a new trial, gave judgment.

The case is now before us on appeal and numerous errors assigned, among which is the admission of improper evidence for plaintiff, and rejection of proper evidence for the defend-

ant, and in giving erroneous instructions for the plaintiff.

The plea on the trial below was the general issue. The principal question on the trial was whether or not there was an absolute or conditional delivery of the contract. In chief, the plaintiffs introduced the contract, and proved their readiness and ability to perform the contract, and the refusal of appellant to permit them to erect the monument, and proved that their profits on the contract would be about $300, and rested their case.

Appellant admitted making the contract and its delivery in fact, but contended that the delivery was a conditional one, and was not to take effect and be in force until after it had been shown to her children and son-in-law, in Chicago, and ratified and approved by them, and that when it was delivered to Harrison, it was agreed and understood between herself and Harrison that he would take the contract to Chicago and submit it to appellee's children and son-in-law, for their approval or rejection, and that he had not done so. This proof was held by the court to be inadmissible under the general issue, not verified by affidavit.

Thereupon counsel for appellant asked leave to file a plea, verified by affidavit, instanter, but the court refused to allow such plea to be filed, and excluded all evidence tending to show a conditional delivery of the contract, to all of which rulings appellant excepted. We think the court erred in rejecting this proof under the general issue, and also in refusing appellant the right to file a sworn plea, even if that kind of a plea had been necessary.

While in a certain sense the complete execution of an instrument in writing may exclude its delivery, so as to make it a proper cause of action, still there is an important sense in which the actual making and signing a paper is one thing, and the actual delivery to another is quite a different thing. A paper writing signed by some one speaks for itself as to what is upon it, but whether it was delivered in fact to another, and if so, upon what terms or conditions, may and often does rest only in parol. If it was not in fact delivered, or if delivered upon conditions never performed, then it never became a valid and binding contract, and so in legal effect was

no contract and would fall under the denial of the general issue.

Proving *non* or conditional delivery is not denying the execution of a written contract within the meaning of the statute, but denies the existence of any contract at all. Jordan v. Davis, 108 Ill. 336; Bishop on Contracts, Sec. 170; Ames v. Quimly, 106 U. S. 342.

It was also error to refuse appellant the right to file her sworn plea, denying the fact of delivery, to meet the view of the court. Under our statute, permitting reasonable and necessary amendments to enable parties to maintain or defend a suit, so that the ends of justice may be met, is not a matter of discretion with the court. The statute is mandatory. Misch v. McAlpine, 78 Ill. 508; Chandler v. Frost, 88 Ill. 559.

Under the broad and liberal provisions of our statute, no mere technicality, mistake or omission on the part of the pleader at any stage of the case prior to final judgment in any plea, writ, process or proceeding, shall bar the right of the parties to correct the error then and there by amendment to be made under such reasonable terms as the court shall deem consistent with the principles of justice and equity.

We think the court erred also in admitting the contract above set out in evidence. It will be seen upon inspection the contract on its face is an incomplete and imperfect contract.

The blank left for the words to be inscribed on the monument is not filled out. The blank left for the family name of the deceased is simply filled with the word " *Curtis.*" A monument furnished according to this contract with no inscription upon it except the single word " Curtis" could hardly be claimed to be such a monument as appellant intended to erect, or was contemplated by the contract, in memory of her deceased husband, and for which she was to pay $500.

We think the fifth instruction ought not to have been given for appellees. It invited the attention of the jury to a matter not really in the case. There was no claim on the part of appellant that the contract contained anything that she had not authorized to go into it. The instruction was liable to mislead the jury to the detriment of appellant.

For the errors above indicated the judgment is reversed and the cause remanded.                 *Reversed and remanded.*