DAVIS' SONS v. SWEENEY *et al.*

1. **Sale:** OF MACHINE: CONDITIONS: EVIDENCE. In an action upon a contract to take a machine and to execute notes for the price of it, where the defense was a breach of the implied warranty that it was suitable for the purpose for which it was intended, it was proper to admit evidence of declarations made by plaintiff's agent to defendants at the time, of the sale in regard to the excellencies of the machine, and of his permission to them to take and try it before making the notes, and to return it if it did not prove as represented.

2. ———— : ————: BREACH OF WARRANTY : EVIDENCE. In such case evidence was properly admitted comparing the machine in question with a good machine subsequently purchased by defendants, as it tended to establish the breach of warranty.

3. **The Same.** In such case it was proper to permit a witness to testify that he had never seen a machine which did not do better work than the one in question,

*Appeal from Dubuque District Court.*—HON. JOHN J.
NEY, Judge.

FILED, MAY 31, 1890.

ACTION to recover for a threshing machine. There
was a judgment on a verdict for defendants. Plaintiffs
appeal. This case has before been in this court. See
75 Iowa, 45.

*J. C. Longueville,* for appellants.

*McCeney & O'Donnell,* for appellees.

BECK, J.—I. The pleadings in the case, and the
facts, so far as they were necessary to the decision in
the prior appeal, appear in the opinion announcing our
decision therein, which will be consulted in connection
with this opinion. It will be observed that the defense
set up by the answer is to the effect that the machine
did not comply with the representations made by plain-
tiffs' agent, and was incapable of performing the work
for which defendants intended it, and for which it was
contracted to them, and that they were authorized by
plaintiffs' agent to try the machine, which they did,
and it appeared from such trial that it did not comply
with the representations made by plaintiffs' agent. It
is held in our former opinion that the action is upon the
contract to take the machine and execute notes there-
for, and that the defense is based upon the failure of
the implied warranty arising upon the fact that the
machine was not suitable for the purpose for which it
was intended.

II. Defendants were permitted to introduce evi-
dence of conversations with plaintiffs' agent, wherein
representations and declarations were made
touching the character and excellence of the
machine, and permission for defendants to
try it before executing the notes, and to return it if it

1. SALE : of
machine:
conditions:
evidence.

Davis' Sons v. Sweeney.

proved insufficient, and did not comply with the representations. This evidence was competent, for the very reason that it tended to show the condition and terms of the very contract upon which defendant relied to support his defense. It does not change nor alter a written contract, nor is it a verbal contract made prior to, or contemporaneously with, a written contract, contradicting or adding terms thereto. The contract sued on is a contract to take the machine. The evidence shows the terms of this contract, and was therefore competent.

III. Defendants were permitted to introduce evidence comparing the machine received of plaintiffs with
2. —:—:   a good machine bought by them after they
breach of    returned the machine in question to plain-
warranty:
evidence.    tiffs. This evidence is now made a ground
of complaint. It was rightly admitted as tending to show that the machine in question did not comply with the conditions of the contract. It was shown to be insufficient by comparison with a good machine.

IV. A witness was permitted to testify, against plaintiffs' objection, that he had never seen a machine
          which did not do better work than the
3. The same. machine in question. Surely the evidence would tend to show the character of the machine, and expressed the knowledge on the subject possessed by the witness.

V. Evidence was rejected, on the motion of defendants, showing what reason the agent of plaintiffs assigned, in a conversation, which induced him to permit defendants to take the machine without requiring them to execute their notes therefor. This evidence is incompetent for the reason, if for no other, that it is hearsay.

VI. The instructions given by the court to the jury accord with prior decisions of this court, and are in harmony with the law. The verdict is supported by the evidence. The judgment of the district court is

AFFIRMED.