The Dempster Mill Manufacturing Company v.
S. H. Fitzwater *et al.*

**No. 210.**

1. Warranty—*answer denying that unsigned written, attached
to contract of sale is part thereof, and alleging parol, and
breach, states defense.* In an action upon a written order for
the purchase of machinery, signed by the defendants, to which is
attached a printed form of warranty without signature, an answer
denying that the writing set out constitutes the entire contract,
denying that the printed form of warranty attached to the order
was any part of the contract, and alleging a verbal warranty and
a breach thereof, states a defense good against an attack by de-
murrer for want of facts.

2. ———— *and evidence showing printed, not part of contract,
evidence of verbal, admissible.* It is not error to permit the
defendant, under such an issue, to offer evidence of the verbal war-
ranty, evidence having first been given tending to show that the
printed warranty was not a part of the original contract.

3. ———— *defendants jointly claiming damages for breach of,
damages accruing to one separately not recoverable.* Under
an answer by three defendants jointly claiming damages by reason
of breach of warranty, damages accruing to a defendant indi-
vidually and in which the other defendants have no joint interest,
cannot be recovered.

4. Affidavit for Continuance—*inadmissible except as agreed
deposition of absent witness.* An affidavit for a continuance
cannot be read as evidence in a case, unless under a condition to
admit it as the deposition of the absent witness, upon the refusal
of such application.

5. Warranty—*breach of, alleged, evidence that other machines
like one warranted, made by same company, failed to work
well, admissible.* It is competent for the defendants in such
case to show that other machines of the same kind, made by the
plaintiff and handled by competent parties in the same vicinity
and under similar circumstances, failed to do the work for which
said machines were designed and for which the defendants pur-
chased this machine.

Error from Nemaha District Court. Hon. J. F.
Thompson, Judge. Opinion filed July 16, 1897. *Re-
versed.*

*Wells & Wells* and *F. N. Prout*, for plaintiff in error.
*S. K. Woodworth*, for defendants in error.

Mahan, P. J.   It is difficult in this case to deter-
mine of what action or actions of the court the plain-
tiff in error complains.   It is an action brought in the
court below by the plaintiff in error to recover the
price of certain machinery which it claims to have
sold to the defendants upon a written contract set out
in its petition, and for the time and expense of an ex-
pert furnished under another written contract set out
in the petition.   The first writing is, in substance and
effect, an order by one of the defendants in behalf of
all for a well-boring machine.   There is appended to
this a guaranty.   The other writing is an order ad-
dressed to the plaintiff Company to send along with
the machine an expert to run it.

The answer denies that the writing constituted the
contract of purchase of the machinery and denies that
there was any written or printed guaranty whatever,
but avers a verbal contract and verbal representations
amounting to a warranty that the machinery would
perform a certain character of service ; that it had
failed and was totally worthless ; and that the defend-
ants had been put to loss and damage by reason of the
breach of warranty.   A counterclaim therefor is set
up and judgment asked for $376.

By an examination of the record, it seems that the
first contention of counsel for plaintiff in error is that
this answer stated no defense, upon the ground that it
was an attempt to vary and extend the terms of a
written agreement by parol evidence.   To be sure, if
there was an express warranty in writing or printing
agreed upon by the parties, there could be no other or

26     Manufacturing Co. v. Fitzwater.

N. Dept.          Opinion.   Mahan, P. J.          6 Kan. App.

additional warranty proven except that expressed in the
writing. But the answer squarely pre-
sents the issue, Was that any part of the
contract? The other part of the writing is simply an
order for the machinery, expressing the price for
which it was sold and the terms of payment, and the
court had a right to assume that the parties did not
intend this document to be a complete and final state-
ment of the whole transaction between them. This
is the effect of the answer, and there is no question
but that it stated a good defense.

1. Answer states defense.

The second contention is that the court erroneously
admitted parol evidence, under this answer, of a verbal
agreement differing from the warranty
set out in the plaintiff's petition and cov-
ering matters not expressed in the other
documents, but not in any way modifying or changing
the tenor or effect or terms of these writings. In this
there was no error. 1 Greenleaf on Evidence, § 284*a*;
7 Am. & Eng. Encyc. of Law, 92, subdivision 2; *Dodge
v. Oatis*, 27 Kan. 762; *Weeks v. Medler*, 20 id. 57; *Bab-
cock v. Deford*, 14 id. 408.

2. Evidence of verbal warranty admissible.

The next contention seems to be that the court erred
in refusing to instruct the jury as required by the
plaintiff. The first and third instructions proposed,
about which complaint is made, are based upon the
proposition that the defendants were concluded by the
writings. This contention is untenable, as we have
heretofore shown.

The second paragraph of the instructions requested
by the plaintiff should have been given. The evidence
showed that the defendants were each to be liable and
bear the burden of the expense while the machine was
being operated upon their respective farms, in which
matter neither of the other defendants had any inter-

est or right.  So that, in an action against them
jointly, where they set up a joint coun-

**3. Individual damages not recoverable, when.**

terclaim, damages accruing to them in-
dividually could not be recovered, and
the court should so have instructed the jury.  As sug-
gested by counsel, this might be cured by a modifica-
tion of the judgment by direction to enter a *remittitur*,
if this were all.

The next contention is that the court erred in refus-
ing to submit to the jury, and require them to answer,
two special interrogatories concerning this same mat-
ter — as to the amount of the separate claim of one of
the defendants.  These interrogatories, for the same
reasons, should have been submitted to the jury by
the court.

The next contention is that the court erroneously
permitted the defendants to read in evidence an affi-
davit of one of the defendants which appears to have
been made in support of an application for contin-
uance.  The record purports to contain a complete
record of all of the proceedings of the court; it so
says in express terms; and there is nothing in the
record that would justify the court in

**4. Affidavit for continuance not admissible.**

admitting in evidence this affidavit for
continuance as the deposition of the wit-
ness upon whose absence the application seems to have
been based.  The record nowhere shows that an appli-
cation was made for a continuance.  It nowhere
shows that the continuance was denied upon the ac-
quiescence of the plaintiff in the use of this affidavit
as the deposition of the witness.  It is offered as a
deposition.  The defendants had the deposition of
the witness mentioned in this affidavit and read it
upon the trial.  If the record disclosed that a contin-
uance had been denied upon the condition that the

28      MANUFACTURING CO. v. FITZWATER.

N. Dept.            Opinion.   Mahan, P. J.          6 Kan. App.

affidavit should be treated as the deposition of the
witness, it would be competent; but the record no-
where discloses anything of the kind. And as it is
incompetent evidence, its admission, being objected
to and excepted to by the plaintiff, constitutes such
prejudicial error as will necessitate a reversal of the
judgment and the awarding of a new trial.

There is another contention, and that is that the
court erroneously admitted proof that other machines
of the same kind, made by the plaintiff
5. Evidence ad-
missible.       and handled by competent parties in the
same vicinity, failed to do the work for which they
were designed and for which the defendants purchased
this machine. This evidence was admissible under
the rule laid down in *Lyon v. Martin* (31 Kan. 411).

The final contention is that the court erred in deny-
ing the plaintiff's motion for a new trial. This we
are of the opinion is correct, and the judgment should
be reversed and a new trial awarded for the reasons
hereinbefore stated.

McElroy, J., concurring.

Wells, J., having been of counsel, not sitting.