## M. A. BROWN ET AL. v. TEXAS CENTRAL RAILROAD COMPANY.

Decided March 24, 1906.

**Railroad Embankment—Permanent Nuisance—Limitation.**

Where it appears from plaintiff's pleading and proof that an embankment built by the defendant railroad company adjacent to plaintiff's property was a permanent nuisance immediately affecting the value of plaintiff's property and that the damages thereto were constant and permanent the cause of action arose with the nuisance, and the undisputed evidence showing that the embankment was constructed more than two years before suit filed the court did not err in instructing the jury to return a verdict for defendant on its plea of limitation.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*J. B. Keith* and *J. E. McCarty,* for appellants.

*Martin & George,* for appellee.

SPEER, ASSOCIATE JUSTICE.—M. A. Brown and another sued Texas Central Railroad Company to recover damages to certain real estate caused by that company's negligent construction of an embankment in such proximity to the land as to permanently injure the same. A verdict was directed for the company upon the issue of limitations and the plaintiffs have appealed.

The case was once before appealed to this court, when we construed the action to be one for constant and permanent injuries, as will be seen

from an examination of the recorded case in 12 Texas Court Reporter, page 816. If there were ever any doubts as to this being a correct interpretation of appellants' petition, they disappeared in the light of the second amended petition filed after that opinion was rendered and upon which the last trial was had. In this pleading it is made clear that the embankment built by appellee adjacent to appellants' property was a permanent nuisance immediately affecting the value of appellants' property, and that the damages thereto were constant and permanent. As was stated by us on the first appeal: "This being true and the nuisance being permanent; the cause of action arose with the nuisance, and the measure of appellees' (appellants') damage would be the difference in the market value of their property immediately before and immediately after the construction of the embankment resulting in the injury complained of." The undisputed evidence showing that the embankment was constructed more than two years prior to the institution of this suit, the court did right in instructing a verdict for appellee. The judgment is therefore affirmed.

*Affirmed.*