WILSON v. AVERY CO. OF TEXAS et al.
(No. 894.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 19, 1916. Rehearing Denied Feb. 9, 1916.)

1. Sales &#9758;397 — Competency — Quality of Like Engines.

In an action to recover money paid for an alleged defective engine, where plaintiff's evidence tended to show that the engine was constructed on a wrong mechanical principle, and hence was valueless, defendant could show that its other engines, constructed upon the same principle, were efficient, by introducing the testimony of other buyers that their similar engines were satisfactory.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1136; Dec. Dig. &#9758;397.]

2. Trial &#9758;86—Reception of Evidence—Admissibility—Limiting Application.

Testimony tending to establish one of two issues on trial, incompetent or irrelevant as to the other issue, is not inadmissible for such reason; the duty being upon the party against whom it is offered to make proper request of the trial court to limit the testimony to the issue upon which it is admissible.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 226; Dec. Dig. &#9758;86.]

3. Appeal and Error &#9758;1050 — Harmless Error—Admission of Evidence.

In an action to recover money paid for an alleged defective engine, the admission, without objection, of evidence for defendant that the engines manufactured and sold by it were successful, rendered harmless the admission of testimony of buyers of its engines that they were satisfactory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. &#9758;1050.]

4. Appeal and Error &#9758;1050 — Harmless Error—Admission of Evidence.

The admission of evidence if error was harmless, where another witness, without objection, testified to substantially the same facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. &#9758;1050.]

5. Appeal and Error &#9758;1062—Special Issues — Omission of Question — Harmless Error.

Where two special issues submitted to the jury substantially the same question as was

omitted in another, and they were answered adversely to appellant, the omission was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. &#9758;1062.]

6. Fraud &#9758;20—Fraudulent Representations—Reliance.

Where the buyer of an engine, in purchasing, did not rely upon the seller's fraudulent representations made to induce the purchase, the buyer had no cause of action based upon such fraudulent representations.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 17, 18; Dec. Dig. &#9758;20.]

7. Sales &#9758;285—Warranty—Notice of Defect.

The failure of the buyer of an engine to give notice to the seller by registered letter within the specified time of any defect, as required by the seller's written warranty of the engine as a condition to recovery, prevented the buyer's recovery for breach of the warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 806–808, 810; Dec. Dig. &#9758;285.]

8. Appeal and Error &#9758;934—Presumptions Favoring Court Below.

Where the evidence is sufficient to warrant finding by the trial court of a fact justifying the judgment rendered, the Court of Civil Appeals will presume in support of the judgment below that the trial court so found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3782; Dec. Dig. &#9758;934.]

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Action by J. A. Wilson against the Avery Company of Texas and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Turner & Rollins, of Amarillo, and B. Frank Buie, of Canyon, for appellant. C. E. Gustavus and M. J. R. Jackson, both of Amarillo, and Burgess, Burgess, Germany & Chrestman, of Dallas, for appellees.

HUFF, C. J. The appellant, Wilson, instituted suit against the Avery Company and G. L. Roberts to recover certain money paid and to cancel two certain notes, which he alleges were paid and executed to the Avery Company for a certain engine purchased from that company. He alleges that certain representations were made with reference to its capacity for ploughing, thrashing, and other matters, and that the representations were not true, and the engine would not do the work represented, and that it was of inferior material and workmanship, etc. He also set up and sought a recovery upon a written warranty because of the failure of the engine to do the work which it was warranted to do; and, in addition thereto, he set up certain special damages.

The appellees answered this, denying specifically the several allegations, and in addition thereto set up the conditions of the warranty and a failure to comply with the conditions with reference to giving notice, etc., and that appellant had purchased the engine after having it thoroughly tried and tested for the

length of time agreed upon, and refused to accept it upon mere representations and required a written warranty of guaranty; that he kept it for some seven or eight months, without giving notice of the defects as required by the warranty.

The case was submitted to a jury upon special issues, and upon their findings judgment was rendered for the appellee company and for Roberts, from which appellant appeals.

The first assignment presents the action of the court in admitting, over the appellant's objections, the testimony of one E. Dillon to the effect that he had seen the engine of appellant, and that he (witness) had purchased an engine from appellee like the one purchased by appellant; that he had been operating his engine more than a year, plowing and thrashing grain with it; that he ploughed about 1,500 acres of land, and had thrashed between 60,000 and 70,000 bushels of small grain during the summer of 1914; that said engine had strength enough to pull the plows he had been pulling on it; that he had never had any difficulty as to the strength of the engine in thrashing; that it had operated successfully in plowing and thrashing.

By the second assignment complaint is made of the testimony of G. L. Roberts to the effect that several parties, naming them, had purchased engines similar to the one in question, and that he had seen them in operation, and stated that the bearings on those engines were of the same size and material as the bearings on appellant's engine, and that in none of the engines had there been trouble with the bearings, and that the capacity of the oil pipes in said engines was ample to furnish sufficient supply.

By the third assignment complaint is made of J. H. Bogee's evidence, wherein he testified that he had an engine similar to appellant's; that his engine could thrash from 1,200 to 1,500 bushels of wheat per day; and that he had never had any trouble with his engine, and no part had proven weak or defective.

The fourth assignment is to the testimony of one Brinkman to the effect that he had purchased an engine like appellant's; that he had used his engine for thrashing and ploughing; that he had ploughed about 800 acres, and thrashed something like 40,000 bushels of small grain; that his engine operated successfully, and had sufficient power, and that he had never had trouble with it; that he was pulling 27 disc plows, and could cut from 15 to 16 feet in sod, and had power to pull them 8 inches deep, and no part of the engine had proven defective or insufficient.

[1] The appellant objected to the above testimony, on the ground that what other engines had done, etc., was incompetent and irrelevant, and the comparison of other engines was insufficient to show that appellant's engine was of the character or kind to do the work, or to show that his engine had met

warranty. The appellant sought to recover the money he had paid on the machine and to cancel the notes executed by him therefor, on the ground: (1) He was induced to purchase the same by false representations; (2) upon the warranty executed by appellee. He alleged that the engine was made of inferior material, and "that it is not properly constructed; that it is wholly worthless and of no value as an engine, and continually got out of repair." The appellant, in proving his case, introduced the testimony of G. F. Drane, who qualified as an expert in the construction of engines, and who testified that, according to mechanical principles, the engine in question was not properly constructed; that the oiling system used T-joints, which were abrupt turns, causing the pipes to clog so that oil could not be properly distributed to the working parts of the engine, and part of the bearings did not get oil, and would heat and melt out, and that plain joints with low-grade curve should have been used; that the crank and shaft bearings were too light, and not the proper size for the size of the engine, where they were joined to the main shaft; that for an engine of that size the cylinder should be constructed of chilled cast. The engine was not properly fastened down, etc. Some other witnesses indicated by their testimony that the engine was constructed on incorrect mechanical principles. By this testimony it was the evident purpose of appellant to show that the engine was not according to the warranty; that is, that it would not "do well the work for which it was intended," because of its plan or method of construction, and was not constructed according to correct mechanical principles. There were two methods of showing that the engine did not comply with the warranty: (1) That it was in a bad or disabled condition, and because thereof would not do the work for which it was intended; or (2) because of the particular method or principle upon which it was constructed, which was such as to render it unfit to do the work well for which it was intended. The issue therefore presented by appellant was that the engine was constructed on a wrong mechanical principle, and hence would not do the work well, and that thereby it was valueless and useless for the work intended. Any fact relevant to that issue was admissible. Appellant would have been authorized to show that appellee's engines made upon the principle of this one would not do the work. This fact would have been a relevant fact. Why may not the appellee show that its other engines constructed upon the same theory or principle as the one in question would do the work in rebuttal of an assault upon the mechanical principles under which it was constructed? This would not be a relevant fact to show that the particular machine was defectively built or had faulty or bad material in it, and the workmanship in this particular engine was bad or defective, and for that reason would not do

the work. Where the issue is alone as to the faulty construction of a' particular engine, and not an attack upon the mechanical principles upon which it was constructed, we think the rule is generally recognized that the manner in which · other engines worked would not be relevant or admissible, under the excluding rule of res inter alios acta, and should be excluded. Our courts have recognized this rule, and the rule is also recognized by other courts. Fetzer v. Haralson, 147 S. W. 290; Haynes v. Plano Mfg. Co., 36 Tex. Civ. App. 567, 82 S. W. 532; Hill v. Hanan, 131 S. W. 245.

We do not think in the cases cited that the method of construction or the mechanical principle upon which the machine was constructed were placed in issue by the parties seeking a recovery and as a ground of recovery upon the warranty. In an action to recover the price of shovel handles sold to the defendant, evidence of the good quality of other like handles sold by the plaintiff at the same time was admitted, accompanied by direct evidence that the latter were of the same kind and quality as the former. The United States Supreme Court held the admission of this testimony was not error. We apprehend, however, this evidence was held admissible in that case, at least in part, for the reason that the defendant therein had given evidence that the handles in question were inferior to the handles purchased in previous years. Ames v. Quimby, 106 U. S. 342, 1 Sup. Ct. 116, 27 L. Ed. 100.

Our Supreme Court held in Railway Co. v. Carter, 95 Tex. 461, 68 S. W. 159, that engines used by the railway company, other than the one setting out fire, were in bad condition was admissible. So in Tuttle v. Moody, etc., 100 Tex. 240, 97 S. W. 1037, in a suit for damages to cattle in failing to furnish sufficient water in a certain pasture, testimony as to the condition of another pasture was admissible in connection with evidence showing the condition of both lots of cattle. Tuttle v. Moody, 94 S. W. 134.

Wigmore on Evidence, vol. 1, § 451, states that:

Evidence is admissible "of the tendency of a machine or apparatus, as shown by other instances of its operation, under similar circumstances, to operate defectively or otherwise (for example, in actions of breach of warranty or personal injury). Here the working of other similar machines (tools or apparatuses) would be equally receivable, provided the conditions were similar and a confusion of the issues was not involved."

The following cases, cited in the note to the above, appear to be in point in this case: Brierly v. Doral Mills, 128 Mass. 291; Nat. B. & L. Co. v. Dunn, 106 Ind. 110, 6 N. E. 131; Davis v. Sweeney, 80 Iowa, 391, 45 N. W. 1040; Kramer v. Messner, 101 Iowa, 88, 69 N. W. 1149; Avery v. Burrell, 118 Mich. 672, 77 N. W. 272.

In Barnett v. Hogan, 18 Idaho, 104, 108 Pac. 743, in a suit on a breach of warranty on an iron safe as fireproof, it is said:

"In rebuttal the plaintiff offered evidence to show that other safes manufactured by the Victor Safe & Lock Company upon the same plan and theory of construction as the safe under consideration had passed through fires, and that the contents had been properly and adequately protected. This the trial court refused to admit. This was clearly error. The very best evidence that could possibly be received in support of the warranty claimed was made by the Victor Safe & Lock Company was that safes of similar kind, constructed upon the same plan and theory, and out of like material, had passed through fires and the contents were not materially injured. The fact that the safes to which such evidence was directed were a different size or different number than the particular safe under consideration would not render such evidence inadmissible, provided such safes were constructed upon the same general plan * * * and of the same material."

The following authorities in some measure support the above proposition: Corbin v. U. S., 181 Fed. 296, 104 C. C. A. 278; Dempster v. Fitzwater, 6 Kan. App. 24, 49 Pac. 624; Beach v. Huntsman, 42 Ind. App. 205, 85 N. E. 523; Buckley v. Kansas City, 95 Mo. App. 188, 68 S. W. 1069. The evidence offered in this case tended to show that the warranty had not failed in so far as the plan and method of construction was involved. This issue was presented by appellant, by his testimony, in order to establish his case. His expert assailed the mechanical principles used in the construction of the engine. The fact that engines constructed on the same plan did the work intended, and were efficient, rebutted a failure of warranty on that issue tendered by appellant. The appellant, having himself advanced the issue, should have been prepared to meet the fact that other engines of like construction and plan would do the work. He therefore cannot be said to have been surprised at the result of an issue of his own making. The question of bringing into the trial other and different engines, and possibly other issues, if the evidence is otherwise relevant, rests largely in the discretion of the trial court.

[2] The evidence admitted, to which objection was made, tended to establish one issue, but perhaps was not competent or relevant to the other issue under the warranty, but would not be inadmissible for that reason. The duty was upon appellant to make the proper request of the trial court to limit the testimony to the issue upon which it was admissible. Railway Co. v. Wilson, 50 S. W. 156; Railway Co. v. Adams, 63 Tex. 200; Pullman Palace Car Co. v. Smith, 79 Tex. 468, 14 S. W. 993, 13 L. R. A. 215, 23 Am. St. Rep. 356.

[3] The testimony of George Culpepper was admitted without objection. He testified that he was familiar with the make of the engines sold and manufactured by appellee, with reference to its oiling system, bearings, etc., and that these engines were successful. This evidence we regard as substantially the same as that to which objection was made, and that the admission of the other evidence objected to is thereby rendered harmless. Railway Co. v. Porterfield, 92 Tex.

442, 49 S. W. 361. The above four assignments will be overruled.

[4] The fifth assignment complains at the admission of the testimony of E. Dillon that appellant "made no complaint about his engine that I heard of." This evidence of the witness was given after the witness had stated that he purchased from appellee the same kind of engine that appellant purchased, and which is in controversy. That he and appellant were together when appellant, at the fair in Amarillo, examined the engine which he afterwards purchased. After the witness purchased his engine the appellant went to the field where the witness was using his engine and examined the plow attached to it, and in his examination of the plows and the engine rode on them while at work. This testimony objected to is shown to have occurred after the time when appellant claimed his engine would not work. It occurs to us the circumstances under which the witness says that appellant made no complaint were such as to reasonably call for some expression of dissatisfaction with reference to his engine. While he was under no duty to do so at that time, or called upon directly to do so, ordinarily negative testimony, or the fact that a party remained silent when there was no obligation upon him to speak, is immaterial and of no probative force, and should not be admitted in evidence. We think, however, there was no material injury shown in admitting this evidence, and that its admission should not reverse the case, if there was error in admitting it. The witness W. H. Nicholson testified to facts which substantially cover the same testimony as given by the witness objected to. Nicholson's testimony was not objected to, and no complaint is made here of its admission. This, we are inclined to think, renders the above testimony harmless.

[5] The sixth assignment is overruled. The objection is made to the eleventh special issue, because the issue, as submitted, was incomplete. The thirteenth and fourteenth special issues submitted to the jury substantially the same question as here contended was omitted in the eleventh, and the jury answered these issues adversely to appellant.

The seventh assignment is overruled. If issue 13 submitted was not as full or as accurate as it should have been in submitting the issue made by the pleadings, we nevertheless think the fourteenth issue fully covered the point.

We sustain appellees' exception to the eighth and ninth assignments of error.

[6] We believe, aside from the above questions, that the court properly rendered judgment for the appellees. The alleged cause of action is based in one count upon fraudulent representations made to appellant which induced him to purchase the engine. The jury, in answer to the issues, substantially found that appellant, in the purchase of the engine,

did not rely upon the representations claimed. The findings of the jury in this particular are amply supported by the evidence.

[7] The appellant also relied upon a written warranty. This warranty required, after a trial of the engine, if there was any defect or failure to properly perform in the work for which it was purchased, that the appellant should give notice to appellees at Dallas, Tex., by registered letter, within the specified time, setting out specifically the manner in which the notice should be given. This notice was not given and under the terms of the warranty a recovery could not be had. The contract of warranty in this case is similar to the warranties passed on by the courts of this state in various cases.

[8] The evidence is amply sufficient to warrant the finding by the trial court that the notice required by the warranty was not given, and we will presume he so found in support of the judgment. The contract of warranty is substantially the same as in the case of Shearer v. Garr, etc., 41 Tex. Civ. App. 39, 90 S. W. 684; Case v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; Fetzer v. Haralson, 147 S. W. 290 (on motion for rehearing); and several other cases.

We find no reversible error, and the case will be, affirmed.