## CITY OF MARLIN v. CRISWELL et al.
### (No. 461.)

Court of Civil Appeals of Texas. Waco.
March 24, 1927.

Rehearing Denied April 28, 1927.

1. **Nuisance** ⬅33—**Evidence held to sustain findings that odors from sewage disposal plant materially annoyed residents and that plant would be likewise objectionable.**

In suit by property owners against city to enjoin extension of sewage disposal plant and require removal of old plant, evidence *held* sufficient to support findings of jury that odors and gases from present plant materially annoyed residents, and that proposed plant would likewise result in offensive odors causing discomfort.

2. **Nuisance** ⬅19—**City may be enjoined from maintaining or enlarging sewage disposal plant, constituting nuisance.**

Municipal corporation could be restrained from maintaining or extending sewage disposal plant constituting nuisance at suit of individual property owners to same extent as private individual, where gases materially annoyed residents; persons annoyed not being limited to action for damages.

3. **Nuisance** ⬅33—**Testimony as to gases and odors escaping from like plants held admissible in suit to enjoin enlargement of sewage disposal plant.**

In suit to enjoin proposed extension of sewage disposal plant, testimony as to odors and gases escaping from plants of same type situated in different localities *held* admissible.

4. **Evidence** ⬅131—**Evidence of results flowing from given state of facts is admissible, where similar conditions, surroundings, and issues are involved.**

Evidence of results flowing from given state of facts is admissible to show like results would arise from similar conditions, surroundings, and issues involved in suit.

5. **Appeal and error** ⬅1078(1)—**Assignments of error, not briefed, will not be considered.**

Assignments of error and propositions thereunder will not be considered where not briefed.

6. **Appeal and error** ⬅1042(5)—**Error, if any, in failing to strike out immaterial parts of pleading, held harmless, where pleadings were read jury without objection.**

Alleged error in refusing to strike out pleadings containing immaterial facts and issues tending to prejudice jury *held* harmless, where pleadings were read to jury without objection.

Appeal from District Court, Falls County; Lewis H. Jones, Judge.

Suit by T. L. Criswell and others against the City of Marlin for an injunction. Decree for plaintiffs, and defendant appeals. Affirmed.

Ben H. Rice, Jr., and Bartlett & Dodson, all of Marlin, for appellant.

Frank Oltorf, of Marlin, for appellees.

BARCUS, J. This suit was instituted by T. L. Criswell and 37 other resident property owners in the town of Marlin against the city of Marlin, to restrain it from operating its present sewage disposal plant, and to restrain it from enlarging said plant, and for a mandatory injunction requiring appellant to move its sewage disposal plant to some other locality. The cause was tried to a jury, submitted on special issues, and based on the findings of the jury and additional findings by the court, judgment was entered permanently restraining appellant from main-

taining its present sewage disposal plant and enjoining it from enlarging said plant at its present location, and the court granted a mandatory injunction requiring appellant within six months' time to remove its present sewage disposal plant to some other place.

Appellees alleged that the present sewage disposal plant was entirely inadequate, and that its use by appellant caused obnoxious and offensive odors, gases, or vapors to emanate therefrom, which were so offensive at times that it was practically impossible for them to occupy their residences with any comfort, and that same was very detrimental to their health, and was so offensive at times that they could not with any comfort live in their respective residences. They further alleged that appellant had voted $38,000 additional bonds to repair or rebuild its sewage disposal plant, and that same could not be built on the ground where the old plant is located in such a way as to remove the objections that were lodged against the present plant, and that said plant, operated as it was or as it was contemplated being operated, was a nuisance which ought to be, and which they are entitled to, have abated.

Appellant in its answer alleged that it had voted a $38,000 bond issue for the purpose of rebuilding the sewage disposal plant, and that plans had been drawn by Mr. Werensciold, an engineer employed by them to prepare plans for the sewage disposal plant, and that it expected to and would, unless restrained by the court, build a new plant in the same location where the present plant is built, using in connection therewith the old plant, and alleged that same could be and would be built in such manner as that all the objectionable features lodged against the present plant would be obviated and removed. It further alleged that it was impracticable and not feasible and not within the power of the city to build the plant at another location because of the expense incident thereto. The pleadings of each of the parties are very voluminous.

[1] Appellant presents a number of assignments of error in this court, but groups them under six subdivisions. The jury found that obnoxious or offensive odors, gases, or vapors are given off or emanate from the present sewage disposal plant, and that same disturb and annoy appellees, and that they are sufficient to materially annoy and cause discomfort to persons of ordinary sensibilities, tastes, and habits located as appellees are. The jury further found that within all reasonable probability the proposed sewage disposal plant will give off or emit obnoxious and offensive odors, gases, or vapors with the same result. Appellant contends that the evidence was not sufficient to support the findings of the jury. We overrule these assignments. The evidence shows beyond controversy that the present system is exceed-

ingly offensive to all of the appellees, as well as a large number of other citizens of Marlin. Mr. Werensciold, appellant's engineer, testified that the proposed sewage disposal plant, if built on the plans drawn by him, would give off offensive odors and gases, because, as he said, it was impossible to build a sewage plant that would not do so, and in his opinion the offensive odors from the proposed plant after the same was built would be carried from a hundred yards to a fourth of a mile. A number of other witnesses testified that they had inspected other plants which the record shows were built on the same principle as the proposed plant, and said witnesses testified that they could smell the offensive odors and gases for distances farther than the residences of some of appellees. The statement of facts contains 165 pages. We think the evidence is sufficient to support the jury's finding that the proposed plant which the city is preparing to erect will cause the same offensive odors and that the same objections may be urged against it. Burditt v. Swenson, 17 Tex. 489, 67 Am. Dec. 665; Stark v. Coe (Tex. Civ. App.) 134 S. W. 373.

[2] Appellant contends that appellees are not entitled to injunctive relief but that their only cause of action, if any, is one for damages. We overrule these assignments. It seems to be the settled law of this state that a city may, the same as a private individual, be restrained from maintaining a nuisance. Moore v. Coleman (Tex. Civ. App.) 195 S. W. 212; City of Marlin v. Holloway (Tex. Civ. App.) 192 S. W. 623; Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 175; City of Ennis v. Gilder, 32 Tex. Civ. App. 351, 74 S. W. 585; City of Belton v. Baylor Female College (Tex. Civ. App.) 33 S. W. 680; City of Pittsburg v. Smith (Tex. Civ. App.) 230 S. W. 1113; City of San Antonio v. Hamilton (Tex. Civ. App.) 180 S. W. 160.

[3, 4] Appellant contends that the trial court committed error in permitting a number of witnesses to testify that they had made personal examinations of the sewage disposal plants in Bryan, Corsicana, Hearne, Mexia, Hillsboro, Ennis, and Belton, and that the odors and gases from said plants could be smelled at distances farther away than the respective residences of appellees from the present plant in Marlin. The main contention with reference to the introduction of said testimony is that the evidence failed to establish such similarity of conditions surrounding the sewage disposal plants used by said cities as to make said testimony admissible. All of the engineers who testified stated that practically all sewage disposal plants that were now being built were of the Imhoff type. Appellant's engineer, who had drafted the plans for the new disposal plant, gave in detail how the Imhoff type of sewage disposal plants were built, and went into

minute details with reference thereto. The state sanitary engineer, Mr. Ehler, testified that sewage disposal plants in the towns above mentioned were built on the Imhoff type. The evidence was undisputed that the present sewage disposal plant of appellant was of the Imhoff type. It appears from the testimony that very similar conditions existed in each of the towns about which testimony was offered. It seems to be the well-established rule that evidence of the results that flow from a given state of facts is admissible where similar conditions, surroundings, and issues are involved. Tuttle v. Robert Moody & Son (Tex. Civ. App.) 94 S. W. 134; Id., 100 Tex. 240, 97 S. W. 1037; Erie City Iron Works v. Noble, 58 Tex. Civ. App. 245, 124 S. W. 172. Corpus Juris lays down the rule that—

"Evidence of similar occurrences is admitted where it appears that all the essential physical conditions on two occasions were identical, for under such circumstances the observed uniformity of nature raises an inference that like causes will produce like results." 22 C. J. 751.

In Cameron Compress Co. v. Whitington. (Tex. Com. App.) 280 S. W. 527, evidence was held admissible to show the custom existing with warehouse companies in general, for the purpose of showing that the company was or was not guilty of negligence in the method which it adopted for the prevention of fire; and to the same effect is the holding in Exporters' & Traders' Compress & Warehouse Co. v. Hemphill, 292 S. W. 599, recently decided by this court. The witnesses who testified with reference to the conditions which they found surrounding the sewage disposal plants in the other cities fully described the same, and we think that the trial court did not commit error in permitting said testimony to be presented to the jury to assist them in determining whether the sewage disposal plant which appellant was proposing to build would be free of the objectionable odors and gases that would be produced therefrom.

[5, 6] Appellant complains of the action of the trial court in overruling its exceptions to appellees' pleadings. The record shows that appellant presented some fifteen or twenty exceptions to the pleadings of appellees, and that appellees made a number of exceptions to appellant's pleadings. The trial court announced that he would reserve his rulings on the exceptions until after the testimony was concluded. At the conclusion of the testimony the court overruled all of the exceptions of both appellees and appellant to the respective pleadings. Appellant took no exception to the action of the trial court in refusing to pass on its exceptions to the pleadings before the evidence was offered. Appellant presents only one proposition with reference to the action of the trial court in overruling the exceptions; said proposition being:

"It was error for the court to refuse to strike out pleadings of plaintiff setting out immaterial facts and issues, which state conclusions and which are argumentative, where the same tends to prejudice the jury against the defendant and where the same are properly excepted to by the defendant."

To determine whether said proposition presents any reversible error, it would be necessary for this court to examine some fifteen or twenty different assignments of error and that many different exceptions to the different portions of the pleadings. Appellant is not entitled under the rules to have said assignments of error and proposition considered, because same are not briefed in conformity with the rules. Wright v. Maddox (Tex. Civ. App.) 286 S. W. 607. We have, however, examined appellees' pleadings in the light of the exceptions, and do not think that there was any error in the action of the trial court in overruling the exceptions leveled at said pleadings. If it could be said that any one or more of the exceptions ought to have been sustained, it is harmless error because there was no objection made to appellees' reading the pleadings to the jury. The cause was submitted on special issues, and, if the trial court at the conclusion of the testimony had sustained any one or more of the exceptions, it could not in any way have affected the jury in its findings, nor could it have affected the parties in the introduction of testimony.

We have carefully examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.