C. AULTMAN & CO. v. H. K. YORK ET AL.

No. 36.

1. **Representations by Agent to Purchaser.**—Where a sale of personal property is negotiated by an agent of the seller under written authority by the principal, exhibited to the purchaser, such purchaser can not rely upon any guaranty other or beyond that authorized in such written or printed authority.

2. **Contract of Guaranty — Conditions.** — A purchaser of a threshing machine from an agent who exhibited his authority to bind his principal, and who in purchasing acted upon such authorization and received a warranty from the agent to the extent authorized by the principal, is bound in his rights under such contract equally with the seller. The purchaser seeking to recover for

failure must do so within the time and in the manner stipulated in his contract of purchase.   See example.

3. **Breach of Guaranty.** — See facts held insufficient to show breach of guaranty in sale of a threshing machine.

APPEAL from Lampasas.    Tried below before Hon. W. A. BLACKBURN.

In addition to facts stated in the opinion, the record shows the *warranty* which Aultman & Co. authorized their agents to make to purchasers of machinery.    This warranty, while not signed by the parties, was exhibited by the agents to the purchasers, and a printed copy thereof delivered to them at their purchase.    The declarations of the agents as to the merits of the machinery beyond this printed guaranty, as alleged, were admitted in evidence against the agents, who were also made parties defendant. The *warranty* is as follows:

" The above machinery to be warranted to be made of good materials, and with proper use and management to do as good work as any other of its size, made for the same purpose, in the United States.    If inside of five days from the day of its first use the said machinery shall fail to fill said warranty, written notice shall be given to C. Aultman & Co., Canton, Ohio, and also to the local agent from whom same was purchased, stating wherein it fails to fill the warranty, and a reasonable time allowed them to get to the machine and remedy the defect, if any there be (if it be of such nature that a remedy can not be suggested by letter), the undersigned rendering necessary and friendly assistance.    If the machinery can not be made to fill the warranty, that part which fails shall be returned by the undersigned to the place where received and another furnished which shall perform the work, or money and notes which shall have been given for same to be returned and no further claim to be made on C. Aultman & Co.

" It is further mutually understood and agreed that continued use of said machinery after the expiration of the time named in the above warranty shall be evidence of the fulfilment of ·the warranty and full satisfaction to the undersigned, who agrees thereafter to make no other claim on C. Aultman & Co.; and further, that if the above machinery or any part thereof is delivered to the undersigned before settlement is made for same as herein agreed, or any alterations or erasures are made in the above warranty, or in this special understanding and agreement, the undersigned waives all claims under warranty."

The nature of the defense made is further shown in the report on the former appeal in this case.    71 Texas, 261.

Judgment was again rendered for defendants, and the plaintiffs appeal.

*W. B. Abney*, for appellants.—1.   If a person who constitutes another his agent for the sale of any article of merchandise furnish him with the kind of a warranty he is to give a purchaser, a party dealing with such

agent, who has knowledge that such a warranty was furnished the agent, can not accept a parol warranty from the agent different in its terms, and require the principal to comply with such parol warranty. Machine Co. v. Crow, 30 N. W. Rep., 609; Bank v. Erickson, 31 N. W. Rep., 387; Harrington v. Moore, 21 Texas, 548; Story on Agency, secs. 72, 73.

2. When the obligations of an express warranty are concurrent, either who seeks to enforce the obligations of the other must prove performance on his part or an offer to perform. Dermatt v. Jones, 23 How., 220; Lowber v. Bangs, 2 Wall., 728; Nichols v. Knowles, 18 N. W. Rep., 413; 2 Pars. on Con., secs. 676, 677; Machine Co. v. Vennum, 23 N. W. Rep., 56; Abb. Trial Ev., 313.

No brief for appellees reached the Reporter.

KEY, ASSOCIATE JUSTICE. — C. Aultman & Co., a corporation, sued York and John and E. S. Kirby on three notes given for part of the purchase money for a threshing machine, sold to the defendants by Low & Low, acting as agents for plaintiff.

The defenses interposed were fraudulent representations and a breach of warranty.

This is the second appeal, a former judgment in favor of appellees having been reversed. Aultman & Co. v. York, 71 Texas, 261.

Over four years after the suit was instituted, and nearly five years after the sale was made, the defendants impleaded Low & Low, and averred that if the representations and contract of warranty made by them were not binding on the plaintiff, then Low & Low should respond in damages, etc.

Low & Low, among other things, pleaded the two years statute of limitation; and while this plea appears to have been fully sustained by the testimony, there was a verdict in favor of the original defendants against Low & Low for $139, which, however, was remitted by the defendants before judgment.

The verdict also declared that defendants were not liable on the notes sued on, and that said notes should be cancelled.

The testimony clearly shows, that the only contract of warranty that Low & Low were authorized to make for the plaintiff was made; that said contract was in writing (or printed), and it was produced by defendants, and put in evidence by plaintiff. By this instrument, and this alone, was the plaintiff bound; and its terms were as obligatory upon defendants as plaintiff. Machine Co. v. Crow, 30 N. W. Rep., 609.

The defendant John Kirby testified that he was induced to purchase the machine by certain verbal representations made by a member of the firm of Low & Low, and that he considered them, Low & Low, liable for all damages.

It was evidently upon the theory entertained by this defendant that the jury returned a verdict in favor of the defendants against Low & Low for $139, and not upon the theory of a breach of the written warranty given by appellant. If this was the theory upon which the verdict against Low & Low was rendered, then the jury, to have been consistent, should have found for appellant against appellees for the full amount of the notes sued on. If, on the other hand, the verdict was based upon a breach of appellant's warranty, it is not supported by the testimony, because the evidence fails to show that the written notices required by the contract of warranty were given by appellees within the time required, and the question of waiver was not submitted to the jury.

Appellant is entitled to judgment for the full amount of the notes sued on, unless appellees show a breach of the written contract of warranty. And to show such breach, they must show compliance on their part with those parts of the contract requiring them to give written notices, return defective parts, and that there was not continued use of the machine after the expiration of the time named in the warranty, unless it be shown that appellees' compliance with these terms of the contract has been waived.

The charge of the court did not cover all these phases of the case as clearly and fully as it should have done.

Because the verdict and judgment are not sustained by the testimony, we reverse the case.

*Reversed and remanded.*

Delivered November 23, 1892.