JESSE BUCY *et al.*, Appellees, v. PITTS AGRICULTURAL WORKS, Appellants.

Sale: WARRANTY: BREACH: EVIDENCE.    Where in an action for damages for a breach of the warranty implied by law in the sale of a threshing machine, the defendant's answer was a general denial of the allegations of the petition, except as to the fact of the sale, and the evidence showed an express warranty in writing by the vendor relating to the same subject and obligations as would be included in the implied warranty, but conditioned upon notice being given the vendor of any defects within one week after the machine was put in operation, *held*, that an instruction withdrawing said express warranty from the consideration of the jury was erroneous, and was prejudicial to the defendant.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, OCTOBER 17, 1893.

THE following is a sufficient statement of the pleadings for an understanding of the questions presented: The plaintiffs brought this action to recover damages for the breach of an implied warranty in the sale to them of a threshing machine. The implied warranty relied upon was that the machine was suitable for the purpose for which it was purchased, namely, for threshing grain. The breach alleged is that the machine was defective and unfit for use, in that the cylinder boxes would heat, and the machine carried over grain with the straw. They also alleged in this petition that the machine was sold to them without any express warranty. Before answer was filed, they amended, alleging that at the time of the sale the machine was orally warranted by the defendant's agent of whom the machine was purchased "as being a good machine, capable of doing good threshing, well made, and that the machine would thresh equal with any other

machine of any manufacture, and that it was made of good material, and would work perfectly in all particulars.'' They also alleged in said amendment that they relied upon said statements and the implied warranty, and that said allegation that there was no express warranty was made through a misunderstanding, the plaintiffs meaning thereby that there had been no written warranty. The defendant answered, admitting the sale of the machine to the plaintiffs for the purpose of threshing grain, and denying the other allegations. The case was tried to a jury, and resulted in a verdict and judgment for one hundred and fifty dollars for the plaintiffs. The defendant appeals.—*Reversed*.

*Huff & Ward*, for appellant.

*C. E. Albrook*, for appellees.

Given, J.—On the trial the appellant introduced in evidence, without objection, an order to the appellant upon a printed blank, filled up in writing, for a threshing machine, and purporting to be signed by the appellees. There was evidence tending to show that the appellees had signed the order. They testified that they did not remember of doing so. Said order contains the following: ''The Pitts Agricultural Works warrant said machine to be of good materials, and to be well made; to do good work in threshing and cleaning grain, if properly managed. The condition of warranty is that notice of any defect is to be given the Pitts Agricultural Works at Buffalo, New York, within one week after putting the machine in operation.''

The case was submitted as upon the implied warranty, and the jury instructed that ''the only question for you to consider is whether the threshing machine did or did not comply with this implied undertaking,

and, if not, then what damages, if any, the plaintiffs have thereby sustained." In respect to said warranty in the written order, the court instructed as follows: "The printed warranty contained in said paper is not involved in this action, and you will not allow it any weight or influence in your deliberations. * * * The controversy in this case turns on the implied undertaking of the defendant; that is, the undertaking or promise which the law attaches to such sales whenever such implication is not inconsistent with the express terms of the writing. The implied warranty in this case is not inconsistent with the writing offered in evidence."

The effect of this instruction was to withdraw the written warranty from the consideration of the jury, and of this the appellant complains, contending that it was proper evidence, under section 2704 of the Code, which is as follows: "Under a denial of an allegation, no evidence shall be introduced which does not tend to negative some fact the party making the controverted allegation is bound to prove." To apply this rule, we must ascertain what controverted allegations, that the appellee was bound to prove, this evidence tended to negative.

There are authorities holding that, where there is an express warranty, none will be implied, upon the theory that by the express warranty the parties have stated, in words, that by which they agreed to be bound. It is held, in this and many other states, that this rule does not extend to the exclusion of warranties implied by law where they are not excluded by the terms of the contract. "A warranty will not be implied in conflict with the express terms of the contract." *Blackmore v. Fairbanks, Morse & Co.*, 79 Iowa, 282. The rule deducible from the authorities is that an implied and an express warranty may exist under the same contract, as when the expressed does not relate to the obli-

gations created by the implied; but when the expressed warranty does. provide as to the same obligation, it excludes the implied.    In other words, the law will not imply anything as to matters about which the parties have expressly agreed.    It is not clear to our minds why, under the pleadings, the case was submitted as upon an implied warranty, and not upon the alleged oral warranty, which, as is alleged, covered all and more than the implied warranty.    No complaint is made upon this precise point.    Therefore we inquire whether, under the case as submitted, the appellant was entitled to have the written warranty considered by the jury.

The appellees alleged, and because of the appellant's denial were bound to prove, an implied warranty, an obligation that was not lessened by the fact that they might prove it by showing a contract from which the law would imply a warranty that the machine was reasonably suited for its intended pur-- pose.    If the appellant had offered a written contract wherein the appellees had agreed to take the machine as it was without any warranty, its admissibility would hardly be questioned, because it would tend to nega- tive the controverted allegations that there was an implied warranty, and · that there was no written warranty.    The printed warranty introduced by the defendant had the same tendency.    It relates to the same subject and obligations that an implied war- ranty would, and, under the law, became the contract, to the exclusion of all implications as to that subject or those obligations.    It directly negatived the existence of the implied warranty, and equally so the alleged oral warranty, as the writing must be taken as express- ing in full the agreement of the parties.    It can not be said that the exclusion of this evidence was without prejudice to the appellant.    The appellees had no right to recover upon any other than the contract of

warranty upon which they purchased, and surely the appellant was not chargeable upon any other than that upon which the sale was made. If these different warranties were identical in effect, if the same liability existed under each, it might be said with some plausibility that there was no prejudice; but such is not the case. All that the law would imply was that the machine was of such material and construction that, with fairly skillful handling and usage, it would do ordinarily good work; or, in other words, that it was reasonably suited to the purpose for which it was intended. Under the oral warranty alleged, the appellant warranted the machine to be all this, and that it would thresh equal with any other machine of any manufacture, and would work perfectly in all particulars. The printed warranty, though not differing materially from what, in its absence, the law would imply, contains, as a condition of the warranty, that the appellant was to have certain notice of any defects within a time named. If the printed warranty was the contract of the parties, it was certainly prejudical to deny the appellant the benefit of this condition.

Our conclusion is that the judgment of the district court must be REVERSED.