## W. N. HAYNES v. PLANO MANUFACTURING COMPANY.

### Decided October 15, 1904.

**1.—Breach of Warranty—Rescission—Return of Article.**

To the general rule that a purchaser may decline to return an article which is alleged to be wholly worthless upon asking for a rescission, there is a well defined exception in those cases where the parties have by their contract stipulated for such return as a condition precedent to the rescission, or as a remedy for the breach of the warranty.

**2.—Same—Evidence as to Other Machines.**

In an action upon notes given for a harvesting machine, wherein the defense of breach of warranty was interposed, it was error to permit a witness for plaintiff to testify, over objection, that he had set up other machines of the same make and character, and had had no complaints from the buyers thereof, it not being shown that such other machines were identical in construction and material with the one in controversy and were operated under identical or similar conditions.

Appeal from County Court of Taylor. Tried below before Hon. D. G. Hill.

*Leggett & Kirby* and *E. M. Overshiner,* for appellant.

*Cox & King,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee, the Plano Manufacturing Company, sued appellant to recover upon certain notes given for the purchase money of a harvesting machine. Appellant interposed the defense of breach of warranty, in that appellee had sold the machine to him warranting the same in certain particulars, agreeing that in the event the machine was not as warranted, appellant might return the same and receive back the consideration. A trial before a jury resulted in a judgment in favor of the appellee for the sum of $193.75.

We find no fault with the court's charge in the particular wherein it is required of appellant to return the alleged defective harvesting machine to appellee before he is entitled to the surrender of his notes. To the general rule that a defendant may decline to return an article which is alleged to be wholly worthless upon asking for a rescission, there is a well defined exception in those cases where the parties have by their contract stipulated for such return as a condition precedent to the rescission, or as a remedy for the breach of the warranty. This is the case made by appellant's pleading and evidence. There was doubtless sufficient reason for the company's requiring appellant to return the defective machinery as a condition to its surrendering up his paper. Aultman & Co. v. York, 1 Texas Civ. App., 486, 20 S. W. Rep., 851; Case Threshing Mach. Co. v. Hall, 32 Texas Civ. App., 214, 73 S. W. Rep., 835.

There was error, however, in the court's permitting the witness McDaniel to testify for the appellee, over the objections of appellant, that he had set up other harvesting machines of the same make and

character as the one bought by appellant, and that he, the witness, had had no complaints from the parties buying such machines as to any defects in regard to their manner of construction and operation, or of the manner in which they were put together or set up. It does not show, nor does it tend to show, that appellant's machine was properly constructed, and would do good work as warranted, to show that other machines made by the same manufacturer were properly constructed and did good work; and especially is this true when it is not shown that the other machines were identical in construction and material and were operated under identical or similar conditions. The scope of the inquiry should be confined to the particular machine under investigation. Craver v. Hornburg, 26 Kan., 94; Campbell v. Russell, 1 N. E. Rep. (Mass.), 345. We are unable to say that the admission of this error was harmless, inasmuch as the question of defective machinery was one of the sharply contested issues upon the trial of the case.

For the error in admitting this testimony the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Writ of error refused.