## J. A. HILL v. HANAN & SON.

### Decided June 18, 1910.

**1.—Evidence—Comparisons, Etc.**

Before experiments, comparisons and other instances and occurrences are admitted in evidence it should be made to appear that the conditions and circumstances were identical, or at least so similar that the proposed evidence will reasonably tend to establish the truth as to the subject of inquiry.

**2.—Same—Case Stated.**

The controversy being as to the character of a certain lot of shoes sold by plaintiff to the defendant, it was reversible error to permit the plaintiff to testify that he had sold a lot of shoes of the same grade as those in controversy to another merchant and that no complaint had been made as to the grade or character of the shoes.

**3.—Same—Copy Instead of Original—Harmless Error.**

There being no controversy as to the goods shipped by the plaintiff to the defendant, it was harmless error for the court to permit the plaintiff to introduce in evidence a copy instead of the original order for said goods, although the original was in the possession of the plaintiff but in another State.

**4.—Appeal—Defective Bill of Exception.**

Where a bill of exception fails to disclose what answer a witness would have made to a question, an assignment of error based upon the exclusion of the answer can not be considered.

**5.—Plea—No Evidence—Peremptory Instruction.**

In the absence of evidence in support of a counter-claim by a defendant, the court may properly instruct the jury to find against such claim.

**6.—Sales—Replacing Defective Goods—Item of Damage.**

In a suit for the value of a bill of goods sold by plaintiff to defendant, defendant denied liability because the goods were not as represented, and plead in reconvention for the value of other goods furnished by him to dissatisfied customers in lieu of the goods obtained from plaintiff. Held, defendant was not entitled to recover as an item of damage the value of the goods furnished by him to dissatisfied customers.

Appeal from the District Court of Hartley County. Tried below before Hon. D. B. Hill.

*Hyde & Braly* and *Stalcup & Miller,* for appellant.—Clearly the testimony of the witness, Hanan, as to the kind of shoes handled by Sanger Brothers, of Dallas, Texas, was incompetent, and prejudicial error. The question at issue was not what kind of shoes other good merchants handled, but were the shoes purchased by appellant such as they should have been under the pleadings and evidence in this case? Missouri Pac. Ry. Co. v. Mitchell, 75 Texas, 77; Missouri Pac. Ry. Co. v. Johnson, 72 Texas, 96; Missouri Pac. Ry. Co. v. Shuford, 72 Texas, 165; St. Louis, A. & T. Ry. Co. v. Turner, 1 Texas Civ. App., 625; Haynie v. Plano Mfg. Co., 82 S. W., 532; Texas & N. O. Ry. Co. v. McCraw, 95 S. W., 85; Lewis v. Crouch, 85 S. W., 1009.

*Chauncey & Carter,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is an action by Hanan & Son to recover from J. A. Hill an alleged balance of seven hundred and seventy-seven dollars and fifty-five cents due on a certain bill of shoes sold by the former to the latter. The defense was that the plaintiff had guaranteed the quality and workmanship of the shoes, and that the shoes shipped to defendant were inferior in quality and workmanship and wholly unsuited to his retail shoe trade, and that defendant had returned to plaintiff enough of said stock to pay the debt. Defendant also reconvened for damages to his business in the sum of one thousand dollars by reason of handling the defective and inferior goods of plaintiff. He further alleged that he had been forced to expend about the sum of two hundred dollars in replacing defective shoes to dissatisfied customers. There was a verdict and judgment for plaintiff and defendant has appealed.

During the course of the trial the witness Hanan was asked by the plaintiff to "please state whether or not, if you know of your own knowledge, if Sanger Bros., of Dallas, Texas, handled the same shoes, that is, of the same kind and grade now in question; and please state whether or not they, or any member of that firm, ever made any complaint to you concerning the same." The witness answered that: "Sanger Bros., of Dallas, Texas, handled shoes of the same kind and grade as these in controversy, but neither they nor any one employed by them made any complaint to me concerning them." This question and answer were duly objected to by appellant, but the court overruled the objection and admitted the answer. In this there was error. The real controversy in this case was as to the character of the lot of shoes sold by appellee to appellant, and we do not think the above testimony constituted legitimate evidence upon this point. Haynie v. Plano Mfg. Co., 36 Texas Civ. App., 567 (82 S. W., 532). Experiments, comparisons, other instances and occurrences are at best very unsatisfactory evidence, and before the same are admitted it should be made to appear that the conditions or circumstances were identical or at least so similar as that the proposed evidence will reasonably tend to establish the truth as to the subject of inquiry. A similar error was committed in admitting the testimony of the witness Frank, the buyer of shoes for Sanger Bros., whose only knowledge of the condition of the shoes in controversy was based upon an examination of the bills accompanying the interrogatories.

There was no prejudicial error in admitting a copy of the original order blank, even though the original, which was beyond the borders of the State, was within the possession of the appellee and the court may, therefore, have compelled its production. There was no real controversy as to the goods shipped and the ruling was, therefore, not material.

We are unable to say whether the court erred to appellant's prejudice in refusing to permit him to testify in his own behalf in what manner the sale of the defective shoes in controversy had affected his trade or business as a retail merchant. The answer which the question would have elicited is not disclosed in the bill of exceptions.

There was no error, under the evidence, in the summary instruction

to find against appellant's counterclaim for damages. There was no evidence that his business reputation had suffered injury.

And we are of opinion the item of the value of shoes replaced by appellant for defective ones sold out of the stock in question could not be recovered as an item of damage. Appellant has his full measure of relief in this particular if he defeats appellee's recovery by reason of the misrepresentation of the shoes furnished. To illustrate, if appellant has sold a customer a pair of appellee's worthless shoes for five dollars, and subsequently defeats appellee's right to recover the value of the shoes, he certainly has no cause to complain against appellee or any one else if the customer demands of him another pair of shoes for the five dollars already paid. To recover this item from appellees would be to require them to make good their representation and to give appellant another pair of shoes, or the value, besides.

What we have said disposes of all issues raised by appellant, and, for the errors discussed, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*