### FETZER v. HARALSON.†

(Court of Civil Appeals of Texas. San Antonio. Feb. 28, 1912. On Motion for Rehearing, May 8, 1912.)

1. SALES (§ 267*)—CONTRACTS—INSTRUMENTS CONSTITUTING.

Where a jobbing contract for the sale and purchase of farm implements for resale by the buyer referred to a warranty contained in a booklet which was attached to the contract at the time it was returned to the buyer and accepted by him, he was bound by the provisions and limitations contained in such warranty, though the booklet was not attached at

---

the time he signed the contract, and hence the buyer could not rely on an implied warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 760, 761; Dec. Dig. § 267.*]

2. SALES (§ 120*) — WARRANTY — BREACH OF WARRANTY—REMEDY OF BUYER.

A buyer with express warranty, without agreement for the return of the goods, cannot rescind the contract in the absence of fraud, but he must exercise his rights under the warranty and recover the difference between the value of the goods as they are and as they were warranted to be.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 294; Dec. Dig. § 120.*]

3. SALES (§ 280*)—CONTRACTS—WARRANTY—BREACH—CONDITIONS.

A buyer in a contract of sale containing a warranty must comply with the conditions thereof before he can recover for breach of warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 793, 794; Dec. Dig. § 280.*]

4. SALES (§ 285*)—CONTRACTS—WARRANTY—BREACH—CONDITIONS.

Where a contract for the sale of farm implements for resale by the buyer contained a warranty and provided that, if the implements should not fulfill the warranty, notice should be given by the buyer and a purchaser from him, and the buyer could not make a sale of the implements, he must, to recover for a breach, comply with the condition as to notice as far as he is able to do, unless performance thereof is waived by the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 806, 808, 810; Dec. Dig. § 285.*]

5. SALES (§ 435*)—CONTRACTS—WARRANTY—BREACH—PLEADINGS.

A buyer of farm implements for resale, who alleges that the implements were not of the character represented and were not merchantable, that they were unfit for the purposes for which guaranteed, so that the consideration failed, that the buyer on the discovery of the failure of the implements to fulfill the warranty notified the seller thereof and demanded that sound implements be substituted, and that he tendered the implements received back to the seller, and that the seller waived the conditions of the warranty as to notice of defects, alleges in general terms a warranty and a breach thereof, and the allegations are good as against a general demurrer.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1239–1245; Dec. Dig. § 435.*]

6. SALES (§ 435*)—BREACH—ACTIONS—PLEADINGS.

A buyer who, when sued on a contract for the sale of farm implements for resale by him, relies on the seller's warranty, must specifically set out the warranty and the facts constituting a breach thereof, and a compliance by him with its terms, or set forth facts excusing compliance; but he need not set out the names of persons who bought or refused to buy any of the implements.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1239–1245; Dec. Dig. § 435.*]

7. SALES (§ 435*) — CONTRACTS — BREACH OF WARRANTY—WAIVER OF CONDITIONS.

A buyer, who relies on the seller's breach of warranty, and who pleads a waiver by the seller of the conditions of the warranty as to notice of defects, must in the plea of waiver allege either that noncompliance was expressly agreed to by the seller, or some one authorized to act for him, or set out the facts relied on to constitute a waiver; but allegations of waiver by the seller of noncompliance with conditions by other buyers are immaterial and must be eliminated on special exceptions.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1239–1245; Dec. Dig. § 435.*]

8. SALES (§ 440*)—BREACH OF CONTRACT—EVIDENCE—ADMISSIBILITY.

On the issue whether farm implements sold under a warranty complied with the warranty, evidence of defects in implements sold by the seller to others was inadmissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

9. SALES (§ 440*)—BREACH OF WARRANTY—WAIVER OF PERFORMANCE OF CONDITIONS OF WARRANTY—EVIDENCE.

On the issue whether a seller waived performance of the conditions in a warranty, evidence that the seller had waived the conditions of the warranty in transactions with third persons was inadmissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

On Motion for Rehearing.

10. SALES (§ 429*)—CONTRACTS—WARRANTY—PERFORMANCE OF CONDITIONS.

Where a contract for the sale of farm implements for resale by the buyer contained a warranty and provided for notice to the seller of defects and the right of the seller to repair defects or furnish new machines, the buyer failing to give notice of defects in implements sold by him could not claim any offset by reason of such defects when sued for the price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1224–1229; Dec. Dig. § 429.*]

11. PRINCIPAL AND AGENT (§ 148*)—LIMITATIONS ON AUTHORITY—WAIVER.

Where a contract for the sale of farm implements contained a warranty and provided that no agent could change it, a conversation between the buyer and an agent of the seller could not be construed as a waiver by the seller of the conditions of the warranty.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 534–552; Dec. Dig. § 148.*]

12. APPEAL AND ERROR (§ 1175*)—ERRONEOUS JUDGMENT—DISPOSITION OF CASE ON APPEAL.

Where the trial court should have directed a verdict for plaintiff, and the evidence was fully developed, the court on appeal from a judgment for defendant would not remand the case, but would reverse and render a proper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Error from District Court, Matagorda County; Wells Thompson, Judge.

Action by William Fetzer against E. Haralson. There was a judgment for defendant, and plaintiff brings error. Reversed and rendered.

Crook, Lord & Lawhon, of Beaumont, and W. D. Wilson and W. C. Carpenter, both of Bay City, for plaintiff in error. Gaines & Corbett, of Bay City, for defendant in error.

MOURSUND, J. Plaintiff in error, as assignee of Fetzer & Co., filed suit against defendant in error on May 20, 1910, to recover a balance of $1,212.58, besides interest and

attorney's fees, alleged to be due for certain farm implements known as Rice Drills or Seeders and attachments, sold and delivered to defendant in error in January, 1907. The plaintiff, in his first amended original petition, on which he went to trial, alleged that on January 4, 1907, defendant executed a certain written order to Fetzer & Co. for 20 drills and 20 gang press wheels and a lot of repairs to be used by defendant for sale to his customers; that all of said goods were stored in the warehouse of D. P. Moore at Bay City, Tex.; that the order was delivered to a traveling salesman of Fetzer & Co., and provided on its face that it was not to become effective until approved by the manager of Fetzer & Co., and a copy of said order was mailed to defendant after its approval by Fetzer & Co., together with a copy of letter to D. P. Moore instructing him to deliver the goods to the defendant; that the defendant received all of said goods, and agreed to pay 50 per cent. of the list price of same- as set out in the booklet attached to said written order; that the total list price was $3,261.60, and 50 per cent. of same was $1,620.80, which amount defendant was bound to pay plaintiff; that defendant sold portions of said goods from time to time and accounted to plaintiff for the same, but that there was a balance due of $1,212.58; that said contract contained a reservation of title in Fetzer & Co., which constituted a chattel mortgage on the property sold to secure the amount sued for.

Defendant answered by general demurrer, special exceptions, and general denial, and for special answer alleged that the seeders or drills were not of the kind and character represented by Fetzer & Co. and were not merchantable, sound, or salable; that they were totally unfit for the purposes for which sold, recommended, guaranteed, and warranted; and that by reason of said facts the consideration for said contract had totally failed. And for further special answer the defendant set forth that, after the discovery of the failure of the machinery to fulfill the warranty of Fetzer & Co., he notified Fetzer & Co. of the facts and of the unsound, unsalable, and defective condition of said drills, and demanded that sound and salable property be substituted, and that he tendered same back to the plaintiff. Also alleging that plaintiff had waived the conditions of the warranty with reference to notice of defects, and that the plaintiff had never in that territory enforced such clause with reference to notice. Defendant also filed a cross-bill suing for $336 storage on said property.

Plaintiff in his first supplemental petition, after excepting both generally and specially, said that the contract upon which the machinery was sold contained a provision that all goods were sold subject to a warranty that the machines would do good and effi-

cient work when properly operated; that the purchaser of any machine should have one day to give it a fair trial and should it then fail to fulfill the warranty, notice was to be given at once to the dealer from whom the machine was purchased and after the dealer had used his best efforts, and the machine should still fail to fulfill the warranty, then both purchaser and dealer were to give immediate notice to Fetzer & Co. at Middletown, Ohio, setting forth wherein said machine failed to comply with the warranty, and that if notice of difficulty was not given as above stated, it should be conclusive evidence of satisfaction on the part of the purchaser. And said supplemental petition further alleged that defendant had never complied with the provisions of the contract in said respect, and that he was estopped from pleading failure of consideration or that said goods did not comply with the warranty.

The case was tried before a jury, and after the evidence was introduced the court instructed a verdict in favor of defendant on the original action and also to find against the defendant on his cross-bill, and upon the verdict judgment was rendered decreeing that plaintiff take nothing against defendant, and that defendant recover costs of suit, and that defendant take nothing on his cross-bill, to which plaintiff excepted and gave notice of appeal, but, failing to file appeal bond in time, sued out a writ of error.

The original contract sued upon and sent up with the record consists of a printed jobbing contract and a booklet. In the jobbing contract no warranty appears, but it contains the following statements referring to a warranty: "No canvasser or expert help will be furnished said first party to assist in setting up machines or making sales or for any other purpose excepting within the strict sense of the general printed warranty of second party hereby provided for in the book-form portion of this contract which is duly made part of this contract and agreement." It also has the following reference to warranty: "It is fully understood that this contract with the lists, conditions, instructions and warranty following contains the full and entire agreement between the parties hereto and no modification by agents is authorized or permitted and no outside verbal understanding is of any force or effect."

The warranty set out and described in plaintiff's supplemental petition is contained in the booklet attached to the jobbing contract. Defendant admitted signing the jobbing contract, but testified that the booklet was not attached to same at the time he signed. Plaintiff testified to approving the contract and returning same to defendant, but did not say whether booklet was attached at the time he received the contract from the traveling salesman, or whether he afterwards attached same, but did testify that, after approving same in writing as manager for Fetzer & Co., he sent a true copy of the con-

tract to defendant, and that he attached to his depositions a true copy thereof, which copy is sent up with the record and embraces the jobbing contract and the booklet. Defendant did not produce his copy of the contract, but admitted getting it, and stated that he guessed it was in his store, that he did not know whether the copy of booklet was attached to it or not, that he would not swear it was not attached.

On the printed jobbing contract, written with ink, appear the following words: "All goods to be settled for when sold. Unsold goods to be carried until November 1, 1909. All unsold Gang Press Wheels to be returned if not sold, first party to ship out these goods free of expense to Fetzer & Company."

W. L. Randell, the traveling representative of Fetzer & Co. who made the deal with defendant, testified that the above words were written on such jobbing contract by him before the contract was signed by defendant. Defendant testified that if said marginal writing was on the contract at the time he signed it he did not see it or read it.

On January 9, 1907, plaintiff wrote defendant a letter, which defendant admitted receiving, containing the following language: "We inclose herewith copy of a letter written to-day to Mr. D. P. Moore of Bay City, Texas, and this copy will constitute your order from us upon Mr. Moore for the delivery of these goods in proper fulfillment of the contract we have duly approved this day, and of which a copy will be sent you. We understand from this contract that you are to pay us upon Nov. 1st, 1907, for all machines sold during 1907, and likewise upon Nov. 1st, 1908, for all machines sold during 1908, and that upon Nov. 1st, 1909, you are to pay us then for any machines sold in 1909, and for all machines, if any there are, remaining on hands unsold from this stock at that date, and with this understanding we are duly approving the contract with you this day." Said letter also contained the following postscript: "We understand that you are not required to make settlement for the 'Gang Press Wheel Attachments' that may finally remain on hand, but that you are to ship out these goods free of expense, should we hereafter ask you to do so. This, of course, refers to Gang Press Wheel Attachments and not to anything else."

Defendant admits receiving the property mentioned in the contract, as shown by the following statement made by him. "The drills, when they were turned over to me, were in boxes, and all the bolts and such other articles were in boxes. No, I have not set up together any of the machines remaining on hand; they are just like they were when I received them. I have paid for all machines that I sold."

Defendant, on July 26, 1907, gave plaintiff his note for $400, which was afterwards paid, and also on July 26, 1907, paid $51.65 cash on machine account, and $6.37 on re-

pair account. On November 5, 1908, defendant paid $6.11 cash on repair account. Defendant testified: "Judge Holland and his partner got this contract once to bring suit on. They came over to my place and talked to me about it, and I told them the drills was no count, and that I could not sell them. The next lawyer to come to see me about it was Mr. Conger. He came over and asked me about it, and I told him that the drills were no count and I could not sell them. This deal was made in January, 1907. In the following fall I told Mr. Randell I could not use the drills and that they did not give satisfaction and that they broke all to pieces. The company agreed to repair them, but it took so long to get them up there that the season would be mighty near over. Fetzer & Co. shipped me a few repairs and never shipped any more." And in answer to the question, "Did they refuse to ship them?" he testified: "I did not get them. The Le Tulle Mercantile Company used them. I did not order them through Le Tulle Mercantile Company. I ordered them to be shipped direct to me. I had this discussion with Mr. Randell in 1908. I told him then I could not use the machines."

There is no evidence of any notice being given direct to Fetzer & Co. at Middletown, Ohio, concerning the property being unsatisfactory. The warranty concludes with the following sentence: "No agent has authority to change this warranty."

The witnesses Reinke and Blaise, who had purchased drills out of the lot sold by plaintiff to defendant, testified in substance that same were constantly breaking down, and not giving satisfaction at all. There was no evidence that either of them ever gave any notice to Fetzer & Co. of the defective condition of the drills, but Reinke testified he told defendant several times that the machine purchased by him was of no account.

Defendant did not return the money to any of the purchasers of the drills sold by him.

Other witnesses who had purchased drills of same name and made by Fetzer & Co., but not purchased from defendant, testified that they were of defective material and their work unsatisfactory.

The witness Doubek testified that he was with Le Tulle Mercantile Company for several years while it was selling Columbia drills, and that his company was never required to make a report of the defects in a machine within a day after they were sold. The terms of the contract between witness' employer and Fetzer & Co. were not shown.

The witness Reinke testified that he never knew Fetzer & Co. to demand a report from anybody who bought a drill at Bay City. Plaintiff in rebuttal introduced the evidence of Frank Stephens, who testified that he had been engaged in selling rice drills or seeders of several different makes, including the Columbia made by Fetzer & Co.; that the same

compared favorably with the Superior, sold by Parlin & Orendorf, and the Buckeye, sold by John Deere Plow Company; that the repair bill on the Columbia seemed to be lighter than any other; that the Columbia drills sold by him, about 20, gave satisfaction.

We overrule plaintiff's first assignment of error, because the special charge offered assumed that defendant would be required to give the notices stipulated in the warranty, and if unable to sell he would not have been able to give notice by purchaser and dealer both.

We overrule the second assignment of error, because the special charge offered instructed a verdict for plaintiff, if defendant and his purchaser failed to give notice regarding any one machine sold.

We sustain the third assignment of error, because we think the evidence should have been submitted to a jury. In view of another trial, we will state our view of the propositions of law applicable to this case.

[1] The jobbing contract refers to a warranty contained in book-form portion of the contract, and it is immaterial whether or not the booklet was attached at the time the jobbing contract was signed by defendant. If it was attached at the time the jobbing contract was returned to him, and he accepted it and received the property in pursuance thereof, he is bound by its provisions.

The answer of defendant pleading failure of consideration is very general in its terms, and does not specifically plead the warranty embraced in the booklet attached to the jobbing contract, nor does it plead or set out any particular warranty. However, if there is a written warranty, as there is in this case, we understand the law to be that the parties are bound by it, and cannot depend upon an implied warranty that the goods sold are suitable for the purposes for which sold. Machine Co. v. Implement Co., 32 Tex. Civ. App. 217, 73 S. W. 835; Dean v. Standifer, 37 Tex. Civ. App. 181, 83 S. W. 231; Case Plow Works v. Niles, 90 Wis. 590, 63 N. W. 1013; Bucy v. Pitts Agriculture Works, 89 Iowa, 464, 56 N. W. 541; Cosgrove v. Bennett, 32 Minn. 371, 20 N. W. 359.

[2] There being no plea of fraud and no agreement to return the goods, and there being an express warranty, defendant cannot ask for rescission of the contract, but must exercise his rights under the warranty in accordance with its provisions. Wright & Clark v. Davenport, 44 Tex. 164; Piano Co. v. Thomas, 36 Tex. Civ. App. 78, 80 S. W. 1063. For a breach of the warranty he would be entitled to have deducted, from the amount agreed to be paid by him, the difference between the value of the article as it is and as it was warranted to be. Wright et al. v. Davenport, 44 Tex. 164.

[3] The warranty provides that the purchaser shall have one day to give the machine a fair trial. Should the implement then fail to fulfill the warranty, notice is to be given at once to the dealer from whom the machine was purchased, and after the dealer has used his best efforts, should the machine still fail to fulfill the warranty, then both the purchaser and dealer are to give notice to Fetzer & Co. at Middletown, Butler county, Ohio, stating wherein the machine fails to fulfill the warranty. It also provides that if notice of difficulty is not received, as above stated, it will be conclusive evidence of satisfaction. A compliance with the conditions of a warranty must be shown before recovery can be had thereon. C. Aultman & Co. v. York, 1 Tex. Civ. App. 484, 20 S. W. 851; Case Threshing Machine Co. v. Hall, 32 Tex. Civ. App. 217, 73 S. W. 835; Shearer v. Gaar, Scott & Co., 41 Tex. Civ. App. 39, 90 S. W. 687.

[4] If, in fact, it was impossible for defendant to sell the remaining drills, and therefore impossible to give the exact notice specified in the warranty—that is, by dealer and purchaser both—we are of the opinion that he would be bound to comply with the conditions as far as he could under the circumstances, unless the performance of such condition was waived by Fetzer & Co.

Bearing in mind these rules, we pass to the consideration of the remaining assignments of error.

[5] The fourth assignment of error is overruled, as we deem the answer sufficient on general demurrer, because it alleges in general terms a warranty and a breach thereof.

[6] The fifth assignment of error complains of the action of the court in overruling plaintiff's special exception No. 2 to defendant's first amended original answer. The exception is that the plea of failure of consideration is insufficient because it does not allege that defendant attempted to use any of the machinery in question, and that they failed to work, nor that he attempted to sell the same and failed, nor gave the name of any person or persons who bought or refused to buy any of said machines, also because it does not specifically allege that said implements were sold under a warranty, nor give the terms of such warranty, nor state that defendant had complied with the terms and conditions imposed upon him by the terms thereof.

The warranty relied upon should be specifically set out, and also the facts constituting a breach thereof, and the compliance by defendant with the terms thereof, or the facts relied upon by him to excuse such compliance. However, we do not consider it necessary to set out the names of persons who bought or refused to buy any of said machines. We therefore sustain the fifth assignment of error.

The sixth assignment complains of the

overruling of plaintiff's special exception No. 3 to defendant's answer. The exception is: First, that the answer should have alleged that notice was given to Fetzer & Co. at Middletown, Ohio, as required by the warranty; and, second, because it attempts to plead rescission without pleading fraud, and without describing the property tendered.

The notice provided in the warranty relied on should be alleged, or the facts relied upon as excusing the giving thereof. The plea for rescission is insufficient for the reasons stated. We sustain this assignment of error.

[7] We sustain the seventh assignment of error. The plea of waiver was bad on special exception in not setting out either that it was expressly agreed to by Fetzer & Co., or some one authorized to act for them, or setting out the facts relied upon to constitute a waiver. The portion alleging waiver with other parties should have been eliminated upon special exception.

We overrule the eighth assignment of error, which complains of the admission of the testimony of J. W. Conger to the effect that he had made a report to Fetzer & Co.

[8] The ninth, tenth, and thirteenth assignments of error complain of the admission of the evidence of witnesses who had used drills made by Fetzer & Co., but sold by other persons than defendant, each testifying that the drill used was a Columbia drill, to which plaintiff interposed the objection that it was incompetent to show defects in a piece of machinery under investigation by showing that another machine made by the same people was defective. This evidence was not admissible, and we sustain these assignments. Haynes, v. Plano Mfg. Co., 36 Tex. Civ. App. 567, 82 S. W. 532; Hill v. Hanan & Son, 131 S. W. 245.

[9] The eleventh assignment of error complains of the admission of evidence that the witness never knew of Fetzer & Co. demanding a report directly from anybody that ever bought a drill from any agent at that place, and the twelfth assignment complains of the admission of the evidence of the witness Doubek that, while he was employed by Le Tulle Mercantile Company, said company handled Fetzer drills, and that Fetzer & Co. never required of Le Tulle Mercantile Company a written complaint within one day from the day of sale of the machine found to be defective. Plaintiff objected to the testimony of both witnesses for the reason that the dealings between Fetzer & Co. and other persons could not be shown to the extent or for the purpose of contradicting the terms of a written warranty entered into between Fetzer & Co. and Haralson. This testimony was not admissible under the circumstances of this case. It would not show a waiver of the conditions of a warranty between defendant and Fetzer & Co. We sustain these assignments of error.

As we believe there was sufficient evidence to require a submission of the issues to the jury, we overrule the fourteenth assignment of error, without discussing the evidence.

For the errors stated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

Plaintiff in error has filed a motion for rehearing, contending that we erred in overruling the assignment of error complaining of the action of the lower court in refusing to give the plaintiff's requested charge No. 1, directing a verdict for plaintiff.

It is earnestly insisted that the evidence shows that the goods were sold under a written warranty requiring certain notices to be given of defects in the machinery sold, and that the defendant must pay the amount due, with interest and attorney's fees, because he did not give the notices required by the warranty and thus give Fetzer & Co. the opportunity to correct the defects or furnish new drills, as was their right under the provisions of the warranty. In our opinion we stated the rule with reference to breach of warranty to be that for such a breach the difference between the value of the article as it is and as it was warranted to be should be deducted from the price agreed to be paid. Appellant insists that said rule is not applicable to a case where the parties have provided another measure of damages, viz., the repair of defective parts or furnishing new machines. We think this contention is correct, and that a failure to comply with the conditions of the warranty should, as is specifically provided therein, be deemed conclusive evidence of satisfaction with the goods sold. J. I. Case Threshing Machine Co. v. Hall, 32 Tex. Civ. App. 217, 73 S. W. 835.

[10] The evidence shows that some of the drills were sold by defendant, and that, while the same were defective, yet neither he nor any of the purchasers gave notice of such defects to Fetzer & Co. such as is required by the terms of the warranty. The only notice given was in the fall of 1908, verbally, to an agent of Fetzer & Co., and defendant also complained to the attorneys who had the claim for collection. These drills were paid for by the purchasers, and defendant paid Fetzer & Co. for them. Defendant cannot be heard to claim any offset by reason of these drills having been defective.

The remainder of the drills were never set up, and therefore never tested by defendant. There is, consequently, no evidence that they are in fact defective. Defendant says he was unable to sell them. If so, he could not have complied with the portion of the warranty requiring notice of defects by the purchaser. The law does not

require impossibilities, but it does require the compliance with conditions of a contract as far as it is within the power of a party. Defendant could have set up the other machines and given them a test, and notified Fetzer & Co. of their defects and of the fact that he was unable to sell them. This he failed to do, and thereby has prevented Fetzer & Co. from correcting such defects as might have been discovered, and from furnishing new drills where defects could not be corrected.

[11] The evidence fails to show any waiver by Fetzer & Co. of the terms of the warranty. The fact that same were waived with reference to another person purchasing drills from them would not prove waiver in this instance. The warranty expressly provides that no agent has authority to change it, so the conversation in which defendant complained to Fetzer & Co.'s agent cannot be construed as a waiver.

Defendant does not plead fraud, and while the contract is in our opinion hard and especially unreasonable in giving only one day to try the drills, and requiring notice by both purchaser and dealer, yet it is our duty to enforce the contract as made.

[12] We have reached the conclusion that the trial court should have instructed a verdict for plaintiff as prayed for, and it appearing that the evidence has been fully developed, and that defendant cannot rely upon the warranty because he did not comply with its terms as far as he was able, judgment should be rendered by us for plaintiff. We therefore set aside the order remanding this case, and do now reverse the judgment of the district court, and, no foreclosure of the lien being prayed for in this court, we render judgment in favor of plaintiff against defendant for $1,212.58, with interest thereon from November 1, 1909, to the date of the judgment in the lower court, at the rate of 6 per cent. per annum, and also for 10 per cent. of the amount then due as attorney's fees, and for all costs of suit, as prayed for in appellant's brief and motion for rehearing.