### BIXLER v. DOLIEVE. (No. 559.)

(Court of Civil Appeals of Texas. Beaumont. March 15, 1920. Rehearing Denied March 31, 1920.)

1. **Pleading** ⬅⮞292—**Statute preventing denial of account in absence of counter affidavit does not apply to isolated transaction.**

Rev. St. 1911, art. 3712, providing that in an action on an account defendant, failing to file an affidavit denying the items of an account, shall not be permitted to deny the account, applies only to transactions between persons in which by sale and purchase the title to personal property is passed from one to another and the relation of debtor and creditor is created by general course of dealing, and does not mean one or more isolated transactions resting upon a special contract.

2. **Sales** ⬅⮞123, 429—**Warranty clause of exchange does not prevent asking relief for fraud.**

A warranty clause of exchange in a contract of sale of jewelry requires a buyer to comply with the terms thereof before asking relief, but not where the contract itself was procured by fraud.

3. **Sales** ⬅⮞123—**Retailer need not make diligent effort to sell when it would be fraud upon customers.**

A retailer purchasing jewelry which was not as represented and was worthless need not comply with a clause in the contract of sale that he would for one year diligently offer the articles for sale to his customers, where such conduct would be in effect a fraud upon the customers.

4. **Sales** ⬅⮞126(2)—**Seller could not complain of slowness in disaffirming.**

Where a retailer purchased jewelry which was not as represented under a contract to diligently offer the jewelry to customers for one year, which conduct on the part of the retailer would be in effect a fraud upon such customers, and the retailer offered to return the goods and the seller refused to accept them, the seller cannot complain in an action by him for the purchase price that the retailer did not disaffirm the contract promptly.

Appeal from San Jacinto County Court; H. S. Lilly, Judge.

Action by Miles F. Bixler against J. M. Dolieve. From a judgment for only part of the relief prayed for, the plaintiff appeals. Affirmed.

See, also, 167 S. W. 1102.

Wm. McMurrey, of Cold Springs, for appellant.

F. O. Fuller, of Cold Springs, for appellee.

HIGHTOWER, C. J. The appellant, Miles F. Bixler, a resident of Cleveland, Ohio, doing business under the trade name of Miles F. Bixler & Co., on May 12, 1910, sold and shipped to appellee, J. M. Dolieve, who was engaged in the mercantile business at Oakhurst, San Jacinto county, Tex., a bill of goods, consisting of a number of articles of cheap jewelry, for a total agreed price of $198. The terms of this sale and purchase were evidenced by a written contract, showing that this jewelry was to be paid for in four equal installments of three, six, nine, and twelve months from date of sale. This jewelry was never paid for by appellee, and on January 27, 1912, appellant filed suit in the justice court of San Jacinto county to recover the contract price of this jewelry, together with interest thereon from date of sale. An itemized statement of this bill of jewelry was attached to appellant's petition, and was duly verified, as provided by Revised Statutes, art. 3712, relative to suits upon open accounts.

Appellee answered by general demurrer and general denial, and then specially alleged that his contract of purchase was induced by fraud on the part of appellant as to the kind and character of this jewelry; and then appellee reconvened for damages to his trade as a merchant in the sum of $175.

A trial in the justice's court resulted in a judgment denying plaintiff any recovery on his account and also denying defendant anything on his plea of reconvention. From this judgment the plaintiff, Bixler, prosecuted an appeal to the county court of San Jacinto county, but the defendant, Dolieve, did not appeal from the judgment against him. After the case reached the county court, Bixler filed a supplemental petition, consisting of a general demurrer and several special exceptions, the ruling on which is not made the basis of any assignment here. The supplemental petition also contained a general denial, and then the written contract between the parties was specially pleaded by Bixler, as follows:

"Plaintiff further says that the goods sold defendant was based upon a written contract that provided as follows:

"'Terms of payment: Twelve months, payable in four equal payments, due three, six, nine, and twelve months from date of invoice, or 6 per cent. discount if paid in full on arrival of jewelry.

"'Advertising: We will write and mail letters to seventy-five people, names and addresses to

be furnished by purchaser; purchaser to redeem the letters at fifty cents each in jewelry at retail; we to redeem them in like manner when returned to us.

" 'Exchange privilege: At any time within eighteen months, we will, upon receipt of any goods purchased of us, exchange them dollar for dollar for any other goods in our store.

" 'Warranty: If at any time, for any cause, an article purchased of us proves unsatisfactory, it must be promptly returned, and we will replace it with a new one free of charge.

" 'Sales insurance: Should the retail sales from these goods in twelve months' time total less than the whole amount of this order, we will repurchase at the wholesale prices the goods remaining unsold, on condition that purchaser will keep the goods displayed twelve months, and use reasonable effort to sell them, and send us within the first five days of each alternate month, an invoice of the goods then on hand. Customers not desiring this protection may omit these requirements.' "

Plaintiff then alleged further that no payments whatever had been made by defendant, and that the plaintiff had at all times held himself ready to comply with his part of the contract in every particular, but that the defendant has never complied with any part of the contract. In short, the plaintiff in this supplemental petition alleged, substantially, that since the defendant had failed in all respects to comply with the terms of the written contract under which the articles of jewelry were sold to him, he (defendant) was in no position to allege and rely upon fraud on the part of plaintiff in inducing defendant to make and enter into the contract; in other words, it was the contention, in effect, of plaintiff that before defendant could be permitted to plead and rely upon the fraud of plaintiff in inducing the contract he (defendant) would have to show that he complied with its written terms.

The suit in the county court resulted in a judgment in favor of the plaintiff, Bixler, for one-third of the amount sued for by him, that is to say, $66, with interest on that amount, and costs of suit, and from this judgment he prosecutes an appeal to this court.

There are several assignments of error found in appellant's brief, but we shall not take them up in the order found. What we shall say will, in effect, dispose of them all.

[1] It is first contended, in effect, that the trial court was in error in permitting appellee, over objection, to introduce testimony in keeping with the allegations in his answer showing, in effect, that appellant perpetrated a fraud upon him and induced the contract on his part by fraudulent representations and statements as to the quality and character of this jewelry; the contention of appellant in this connection being that, as his suit was based upon an open account, duly verified under the statute, which had not been denied under oath by appellee, either in whole or in part, no testimony on the part of appellee disputing or denying the justness of the account could be properly admitted. It is true, as claimed by appellant in this connection, that appellee did not deny, under oath, the account sued on by appellant, either in whole or in part, and if appellant's suit were in contemplation of article 3712, Revised Statutes, based upon an open account, then his contention would be correct. We have concluded, however, that appellant's suit is not based upon an open account in contemplation of the articles mentioned, but rather upon an isolated single transaction, by which a bill of goods was sold under a special written contract to appellee. The statute invoked by appellant applies only to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property is passed from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing; and it does not mean one or more isolated transactions resting upon a special contract. McCamant v. Batsell, 59 Tex. 363. The assignment is overruled.

[2] It is next contended that the trial court should have rendered judgment in favor of appellant for the full amount sued for; the contention in this connection being, in effect, that it having been shown by all the evidence that appellee failed to comply with any of the terms of the written contract, and especially with reference to the exchange clause and the warranty clause and sales insurance clause, as above shown, he could not defend the action upon the ground of fraud in procuring the contract, as attempted by him.

Appellant in his brief cites a number of authorities holding, in effect, that where a contract of sale of chattels contains a warranty and provides for return of defective articles and the right of the seller to replace such defective articles with new ones, if the buyer fail to return such defective articles, he cannot claim any offset by reason of such defects, when sued for the price of the articles. This principle is announced in the case of Fetzer v. Haralson, 147 S. W. 290, Aultman & Co. v. York et al., 1 Tex. Civ. App. 484, 20 S. W. 851, J. I. Case Threshing Machine Co. v. Hall et al., 32 Tex. Civ. App. 214, 73 S. W. 835, Shearer v. Gaar, Scott & Co., 41 Tex. Civ. App. 39, 90 S. W. 687, and a number of other cases cited by appellant; but these cases and similar ones recognize the principle that, where the contract is induced and procured by fraud, which is pleaded and proved, then the party seeking to be relieved from such fraud would not be compelled to comply with the terms of such fraudulent contract in order to have such relief. It is the contention of appellee in this case, made by his pleading, though general, and also by his evidence, that this written contract as a whole for the sale

and purchase of this bill of jewelry was willfully induced and brought about by the fraud of appellant, and he introduced testimony by himself and others which, if given credence by the trial court, as evidently it was, was sufficient to show that a willful fraud was perpetrated upon appellee, which induced this contract on his part, and, such being true, he was not required, because of the warranty clause or exchange clause or any other clause in the contract so procured by fraud of appellant, to comply with the terms thereof before asking relief from the fraudulent contract. It was affirmatively shown by evidence of several witnesses, including appellee, his son, and others, that several of the highest priced articles in this bill of jewelry were practically worthless and valueless as commercial goods, in that several of these articles, within a few days after they were sold to customers of appellee, were returned to him because they had turned black and tarnished, and, instead of being goods that would wear well and give satisfaction to customers, they were quite the contrary, and the dissatisfaction of such customers was expressed and the goods returned within a few days after sales thereof. If appellee, in compliance with the exchange clause of the contract, had returned these articles to appellant, he would, it is true, have been entitled to similar ones in their stead, if contained in appellant's stock; but of what value would similar articles have been to appellee? It was hardly reasonable for him to expect that they would have been of any considerably superior quality to those which had proven so worthless and unsatisfactory, and besides, appellee being a merchant, it would certainly not have been good judgment on his part to continue to sell to his customers or offer for sale such jewelry as the most costly articles in this bill proved to be. It is true that there were a number of articles of this jewelry sold to customers of appellee which were not returned, but the testimony on his behalf shows that a number of the customers to whom the same sold nevertheless complained of the worthlessness of such articles, and it is a reasonable deduction, from the testimony in this record, that none of the articles sold by appellee from among those purchased from appellant were such as to wear well and give satisfaction to purchasers thereof.

[3, 4] It is next contended, in effect, that appellee delayed too long the disaffirming of the contract. Without going into the facts in detail, as reflected by the record, it will suffice to say in this connection that appellee soon discovered, as he commenced to offer this jewelry for sale to his customers and had sold a few of such articles, that they would not give satisfaction, and, as before stated, several of the most costly ones were returned and redeemed by him, and when payment of the first installment was demanded by appellant, appellee notified him that these articles had proved unsatisfactory, stating how they had turned black and tarnished, and that it would injure his business as a merchant to continue to offer them for sale to his customers, and correspondence then commenced between appellant and appellee, from which it is plain that appellee made known to appellant his dissatisfaction with these goods, and stated, substantially, to appellant that he desired to turn back the goods and asked for shipping instructions. The substance of appellant's replies to appellee on this point was that he should return to appellant these worthless articles and let appellant replace them by others in its stock, and appellant refused, in effect, to entertain any offer on the part of appellee to return the shipment or to disavow his contract, and insisted on all clauses of the contract. For instance, appellant insisted that the goods should be kept by appellee a year under the sales insurance clause of the contract, and should be diligently offered for sale by him to his customers, in accordance with the terms of that clause. If appellee, after being aware that these goods were not as represented by appellant, and that their quality was such that they would not give satisfaction and would not wear well, and, in fact, were practically worthless as commercial goods, then it would not only have been imprudent and indiscreet on his part to have kept these goods in his store under such clause of the contract, and used diligence to sell them to his customers, knowing at the same time that they would prove unsatisfactory, and were practically worthless, for such conduct on his part would have been, in effect, a fraud upon his own customers, and for that reason no court would compel him to comply with such provision of the contract; and, since appellant refused to entertain the offer on the part of appellee to return this bill of goods and to be relieved from the fraudulent contract, he ought not to be heard to say that appellee did not disaffirm promptly the contract.

These and all other contentions made by appellant in his brief should, we think, be denied and overruled, and the judgment of the trial court be affirmed; and it will be so ordered.