**THOMAS W. BLAKE LUMBER CO. OF LA WARD v. WHITFIELD.**

No. 9640.

Court of Civil Appeals of Texas. Galveston.

Nov. 25, 1931.

Rehearing Denied Dec. 17, 1931.

Rose & Sample, of Edna, for appellant.

J. W. Wheeler, of Austin, for appellee.

GRAVES, J.

Under the disposition determined upon for this appeal, no opinion is required of this court; in deference, however, to the able counsel for both sides who have so painstakingly briefed it for presentation here, this statement of the ground of the affirmance of the judgment will be made:

The appellant sued upon one of five notes given as the purchase money for the John Deere tractor sold by it to the appellee; in answer, the appellee declared the claim unenforceable, and sought the rescission of the contract of purchase upon two grounds:

(1) That the tractor was not up to the guaranties made of it in the written contract, and that, while he had not given written notice of such defects within the time provided therefor in the contract, he had done so verbally, and numerous times after the expiration so stipulated for complaints to be made in writing appellant had both for itself and the plow company requested him to continue trying to use the tractor under representations that they would make the same satisfactory to him in every respect; wherefore, these representations having been made on every occasion when the appellee made verbal complaint, none of which were ever carried out, and he having given them written notice of his election to rescind the con-

tract as soon as he learned they were not going to make the machine good, he had not lost his right to such rescission.

(2) That appellant had further both in advance of and as an inducement to his purchase of the tractor represented to the appellee that it would consume much less fuel and lubricating oil than it actually did consume, and that, although the amount of such fuel it would consume was not provided for in the written contract of purchase, this misrepresentation of what that quantity would be was renewed and repeated to him by appellant after the making by him of many verbal complaints in that respect, at all of which times appellant promised and made efforts to correct that fault, but failed in that instance also.

After hearing the evidence for both sides, the court, sitting without a jury, rendered a general judgment in favor of the appellee, declaring the cancellation of the note in suit and the contract upon which it rested. No findings of fact or law were either requested or filed.

In this situation, if there is enough in the pleadings and evidence to support the judgment, it will be presumed on appeal that the trial court decided the cause in response thereto. Hunnicutt v. Lee (Tex. Com. App.) 38 S.W.(2d) 572, and authorities cited at page 575.

On looking into the record, it is apparent, we conclude, that both the evidence and the pleadings were sufficient to sustain findings for the appellee upon one or both of the grounds he defended upon. Under well-settled authority, he was therefore entitled to the rescission of the contract of purchase accorded him. J. B. Colt & Co. v. Knight & Perry (Tex. Civ. App.) 3 S.W.(2d) 879, at page 881; C. Aultman & Co. v. York, 1 Tex. Civ. App. 484, 20 S. W. 851; Equitable Mfg. Co. v. Stevens (Tex. Civ. App.) 60 S. W. 350; Lucchese v. Thomas Goggan & Bros. (Tex. Civ. App.) 257 S. W. 584.

Under the testimony it is clear that the trial court would have been warranted in making a finding to the effect that the appellant waived its right to insist upon a compliance with the restrictions contained in the written contract by renewing its representations, subsequent to the expiration of the times and conditions therein specified, that it would yet not only make the tractor satisfactory to the appellee in every respect, but that it would also see to it that it did not consume any more fuel oil than it had originally induced him to buy it on. This, under the cases cited, was sufficient to justify the judgment rendered.

An affirmance will accordingly be entered.

Affirmed.