## FALLS COUNTY v. KLUCK.

No. 2701.

Court of Civil Appeals of Texas. Waco.

Jan. 30, 1947.

Rehearing Denied Feb. 20, 1947.

Bartlett & Bartlett, of Marlin, for appellant.

Prentice Oltorf, of Marlin, for appellee.

HALE, Justice.

Appellee, Paul R. Kluck, sued appellant, Falls County, for damages and injunctive relief. As grounds of recovery he alleged in substance that during the years 1940 to 1945, inclusive, appellant had wrongfully maintained, and unless prevented by injunction would continue to maintain, a public road along the west side of his 150 acre farm in such manner as to obstruct the natural passage of surface waters from his land; that some time prior to 1940 there was a suitable culvert in the road-bed which permitted such waters to drain through the same but appellant had discontinued the use of the culvert and had filled in and elevated the road-bed, thereby causing such waters to become impounded on about 10 acres of his land with each heavy rainfall to his injury and for which he had no adequate remedy at law. He sought to recover $1,200 as damages on account of the loss and temporary injury he had sustained in the past and to prevent recurrence thereof in the future by the equitable remedy of injunction.

The case was tried before a jury. In response to special issues the jury found that the maintenance of the road-bed without a culvert at the place complained of had the effect of obstructing or delaying the passage of any of the water accumulating on the east side of the road from passing onto the ground occupied by said road-bed and the ground on the west side thereof, as it would have done if such ground was in its original condition without any road-bed; that appellee had lost the use or benefit of a part of his land by reason of water being held on same to a greater amount or for a longer period of time than would have been the case if the road-bed had not been maintained without a culvert; and that $250 was the amount of the damages sustained by appellee as the result of so obstructing the passage of such waters. Thereupon the court rendered judgment for appellee in the sum of $250 and enjoined appellant from further maintaining the road-bed without a culvert therein and directed that appellant construct a proper culvert in the same.

Under the two points in its brief appellant says (1) the court erred in granting the mandatory injunction because there was no showing of irreparable damage to appellee and because such injunction would cause great hardship and loss to appellant and the refusal thereof would cause only slight loss to appellee measurable in damges; and (2) the award of $250 as damages was excessive because the evidence viewed most favorably to appellee showed that he had been damaged only in the sum of $168.

Article 7589a of Vernon's Tex.Civ. Stats., provides in effect that it shall be unlawful for any person to divert the natural flow of surface waters or to impound the same in such manner as to damage the prop-

erty of another, and that in all such cases the injured party shall have remedies, both at law and in equity. That was the well established common-law rule in this state prior to the enactment of the statute, the provisions thereof being applicable to municipalities as well as to private corporations and individuals. City of Brady v. Cox, Tex.Civ.App., 48 S.W.2d 511, and authorities cited.

Under the record before us we cannot say the granting of the injunctive relief prayed for in this case constituted an abuse of the sound judicial discretion vested in the trial court. The pleadings and evidence showed that the wrongful impounding of surface waters on the land of appellee furnished a breeding place for swarms of mosquitoes and horse-flies such as to create an injurious nuisance in close proximity to appellee's home. In our opinion it was not necessary for appellee to plead or prove that the damages resulting from the trespass of which he complained were beyond the possibility of repair by monetary compensation in order to authorize the court to grant him equitable relief, but is was sufficient for that purpose for him to show, as he did, the nature of the trespass, the recurring injuries and damages resulting therefrom, the difficulty if not the impossibility of estimating or arriving at the amount of his actual damages, and the necessity for resorting to a multiplicity of suits within the respective periods of limitations in order to recover for such cumulative damages in the future. City of Ennis v. Gilder, 32 Tex.Civ.App. 351, 74 S.W. 585, error denied; Timpson & H. Ry. Co. v. Smith, Tex.Civ.App., 165 S.W. 86, error refused; Acme Cement Plaster Co. v. American Cement Plaster Co., Tex.Civ.App., 167 S.W. 183; City of Marlin v. Criswell, Tex.Civ.App., 293 S.W. 910, error refused; Aldridge Seed Farms v. Texas Centennial Central Exposition, Tex.Civ.App., 95 S.W.2d 1051; City of Wichita Falls v. Bruner, Tex.Civ.App., 191 S.W.2d 912, points 15–16.

Since the trespass complained of involves the violation of a statute, we doubt whether the rule of balancing equities between the parties could have been made applicable to this case. Bass v. Taylor, Tex.Civ.App., 50 S.W.2d 853, points 6–7; Id., Tex.Sup., 90 S.W.2d 811; Nolte Irr. Co. v. Willis, Tex.Civ.App., 180 S.W. 2d 451, point 6. But if so, we find no pleading or evidence showing or tending to show that the construction of a proper culvert in the road-bed would cause "great hardship and loss to appellant," or that the granting of the writ would in reasonable probability result in greater hardship or loss to appellant than would result to appellee by a refusal thereof. The record indicates that the owner of a part of the land on the west side of the public road is opposed to the maintenance of a culvert in the road-bed, but in our opinion such objection alone does not afford any sufficient reason or excuse for appellant to continue the nuisance which it has unlawfully created.

Appellant's second point is based upon the contention that the correct measure of appellee's damages was the rental value of four acres of land for six years at the rate of $3 per acre for each year, or $72, plus the rental value of two acres for six years at the rate of $8 per acre for each year, or $96, thus making a total of $168 as the maximum amount of damages legally recoverable herein. We cannot agree with the contentions thus urged for several reasons. In the first place, the court did not give the jury any instruction as to the legal measure of the damages recoverable and no objection was interposed because of his failure so to do and no request was made for any such instruction. Moreover, it appears to us that the jury might have reasonably concluded from the evidence as a whole that more than six acres were inundated at times during the six year period and that the rental value of any of the land thus inundated was more than $3 per acre during a part of that period of time. Furthermore, appellant's calculations are not predicated upon the amount of money which, if paid now in cash, would reasonably compensate appellee for the damages sustained by him over a period of six years, and hence would deprive appellee from a recovery of damages by way of interest on his losses. Al-

though we recognize the difficulties incident to proving a correct legal measure of the actual damages which appellee has sustained, we cannot say the award of $250 to him as compensation for the same was excessive.

Therefore both of appellant's points are overruled and the judgment of the trial court is affirmed.